The **ISLAND ON LAKE TRAVIS, LTD.**, et al., Appellants,

v.

The **HAYMAN COMPANY GENERAL CONTRACTORS, INC.**, Appellee.

No. 3–91–409–CV.

Court of Appeals of Texas, Austin.

July 1, 1992.

Rehearing Overruled Aug. 26, 1992.

Robert L. Meyers, Dallas, and Tim N. Sims, Austin, for appellants.

Joe F. Canterbury, Jr., David Surratt and Robert J. Shapiro, Dallas, for appellee.

Before ABOUSSIE, JONES and KIDD, JJ.

JONES, Justice.

This case involves the arbitration of a construction-contract dispute. A panel of arbitrators of the American Arbitration Association awarded The Hayman Company General Contractors, Inc. ("Hayman Company") the sum of $860,742.31 against The Island On Lake Travis, Ltd. ("The Island").[1] The Island filed a proceeding in district court seeking to vacate the arbitration award; however, the district court denied The Island's motion to vacate and instead granted Hayman Company's motion to confirm the award. On appeal to this Court, The Island argues that the district court erred in confirming the award because: (1) the arbitrators exceeded their authority; (2) the arbitrators committed gross mistakes of both law and fact; and (3) Hayman Company fraudulently induced

---

1. The other two appellants, The Lake Travis Island, Ltd. and The Prime Group, Inc., are general partners of The Island On Lake Travis, Ltd. For convenience we will refer to all three appellants as "The Island."

The Island to enter into the construction contract. We will affirm the district court's judgment.

## BACKGROUND

In August 1986 The Lake Travis Island, Ltd., general partner of The Island On Lake Travis, Ltd., entered into a written contract with Hayman Company for the construction of a condominium project. By early 1987, however, The Island decided to build a retirement center instead of a condominium project; therefore, in September 1987, The Island executed a new construction contract with Hayman Company that reflected the change in the project.

The 1987 agreement provided for the construction of a 212–unit apartment retirement facility for approximately $13 million. Hayman Company was to construct the project on a cost-plus basis with a guaranteed maximum price; in other words, The Island was to pay Hayman Company for its reimbursable costs to the extent such costs, plus a fixed contractor's fee, did not exceed the guaranteed maximum price.

During the course of the construction of the project, a dispute arose concerning, among other things, payments, change orders, and time extensions. This dispute eventually led to Hayman Company's initiating arbitration proceedings against The Island pursuant to the arbitration clause in the construction contract. Hayman Company filed a demand for arbitration with the American Arbitration Association in April 1989, and the Island filed an answer and counterclaim against Hayman Company. The parties engaged in extensive discovery and selected an arbitration panel of three arbitrators. In November 1990, after a three-week hearing, the arbitrators rendered their decision in favor of Hayman Company for $860,742.31.

## DISCUSSION

■ We begin with a brief, general discussion of arbitration. Historically, the settlement of disputes by arbitration has been favored in Texas law. *L.H. Lacy Co. v. City of Lubbock*, 559 S.W.2d 348, 351 (Tex.1977); *Massey v. Galvan*, 822 S.W.2d 309, 316 (Tex.App.1992, writ denied). Indeed, arbitration has found such favor with Texas courts that we must indulge every reasonable presumption to uphold arbitration awards. *Massey*, 822 S.W.2d at 316; *Carpenter v. North River Ins. Co.*, 436 S.W.2d 549, 553 (Tex.Civ.App.1968, writ ref'd n.r.e.).

■ The law governing arbitration in Texas consists of two coexisting schemes: common-law arbitration and the Texas General Arbitration Act (the "Act"), Tex.Rev. Civ.Stat.Ann. arts. 224 to 238–20 (1973 & Supp.1992). As stated above, Hayman Company instituted arbitration proceedings against The Island pursuant to the arbitration clause in the written construction contract between the parties; therefore, the present case falls within the realm of the Act. *See id.* art. 224 (Supp.1992). However, the legislature did not intend for the Act to supplant common-law arbitration; indeed, if an arbitration award is not within the requirements of the Act, the award may still be valid if it complies with common-law arbitration requirements. *L.H. Lacy Co.*, 559 S.W.2d at 351–52.

### 1. Exceeding of Authority

As a ground for vacating the arbitration award, The Island argues that the arbitrators exceeded their powers. *See* Tex.Rev. Civ.Stat.Ann. art. 237, § A(3) (1973). As a basis for its argument, The Island asserts: (1) that Hayman Company assigned the construction contract in question to another general contractor known as Thomas J. Hayman Company ("TJH Company"); and (2) that TJH Company, not Hayman Company, performed the work on the project. Therefore, The Island argues, TJH Company is the real party in interest concerning any disputes under the construction contract, and Hayman Company is without standing to bring any claims under the contract. Based on the foregoing, The Island argues that we must set aside the arbitration award because the arbitrators exceeded their authority by arbitrating claims and giving an award to Hayman Company when TJH Company was the real

party in interest concerning disputes under the construction contract.

■ As stated by the Texas Supreme Court, "the authority of arbitrators is derived from the arbitration agreement and is limited to a decision of the matters submitted therein either expressly or by necessary implication." *Gulf Oil Corp. v. Guidry*, 160 Tex. 139, 327 S.W.2d 406, 408 (Tex.1959). The construction-contract agreement between Hayman Company and The Island included the following arbitration clause:

> All claims, disputes and other matters in question between the Contractor [Hayman Company] and the Owner [The Island] arising out of, or relating to, the Contract Documents or the breach thereof ... shall be determined by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise.... The foregoing agreement to arbitrate and any other agreement to arbitrate with an additional person or persons duly consented to by the parties to the Owner–Contractor Agreement shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

As stated above, The Island asserts that Hayman Company assigned the construction contract in question to TJH Company and that TJH Company, not Hayman Company, actually performed on the contract; therefore, any disputes concerning the construction project were actually between The Island and TJH Company, not The Island and Hayman Company. Thus, The Island argues, the arbitrators exceeded their authority under the arbitration clause because that clause authorized the arbitrators to decide only disputes between The Island and Hayman Company, not disputes between The Island and TJH Company.

■ The arbitration clause in the present case is written in very broad terms, covering "[a]ll claims, disputes and other mat-ters in question between the Contractor [Hayman Company] and the Owner [The Island] arising out of, or relating to, the Contract Documents or the breach thereof." The issue of whether Hayman Company actually owned any claims against The Island arising from the construction project was very much disputed at the arbitration proceedings. Hayman Company claimed that it did perform work on the project and that there was no effective assignment of the construction contract to TJH Company; therefore, Hayman Company argued that it was the owner of any claims arising from the project. On this basis, Hayman Company argues in this appeal that the arbitrators did not exceed their authority.

Clearly this was a dispute between Hayman Company and The Island arising out of, or relating to, the contract documents or the breach thereof. Under such a broad arbitration clause, a dispute between the parties to the contract concerning the ownership of a claim arising from the contract is just as arbitrable as a dispute concerning the merits of the claim itself. This was not a case where The Island was forced into arbitration with a party with which it had not agreed to arbitrate; there is no dispute that an agreement to arbitrate existed between Hayman Company and The Island. Hayman Company merely asserted certain claims arising from the contract, and The Island attempted to defend by arguing that Hayman Company did not have the right to assert those claims because, having assigned the contract, Hayman Company did not own the claims. The arbitrators heard evidence and considered argument of both Hayman Company and The Island concerning the assignment/ownership issue; and the arbitrators decided that Hayman Company owned the claims in question. We decline to accept The Island's invitation, based on an "authority" argument, to redetermine the facts concerning the ownership issue when the arbitration clause clearly gave the arbitrators the power to make such a determination. As stated above, there is a strong presumption favoring arbitration, and any doubts concerning the

scope of the issues to be submitted to arbitration should be resolved in favor of arbitration. *See Transwestern Pipeline Co. v. Horizon Oil & Gas Co.,* 809 S.W.2d 589, 591 (Tex.App.1991, writ dism'd w.o.j.). Indeed, in addressing The Island's argument, we are mindful of other courts' caution against a party's "use of the 'authority' argument as a ruse to induce the reviewing court to 'redetermine the facts—even just a tiny bit—or reach a legal conclusion on them as found or hoped for which differs from that of the' " arbitrators. *Amoco Oil Co. v. Oil, Chem. & Atomic Workers Int'l Union,* 548 F.2d 1288, 1295 (7th Cir.1977) (quoting *Gulf States Tel. Co. v. Local 1692, Int'l Bhd. of Elec. Workers,* 416 F.2d 198, 201 (5th Cir.1969)), *cert. denied,* 431 U.S. 905, 97 S.Ct. 1697, 52 L.Ed.2d 389 (1977).

■ Further, we note that The Island expressly submitted the assignment/ownership issue to the arbitrators. When Hayman Company finished presenting its case to the arbitration panel, The Island moved for the arbitration equivalent of a directed verdict, arguing that Hayman Company did not own the claims in question and that TJH Company was the real party in interest. Specifically, The Island's counsel at the arbitration proceedings stated: "I would agree that whether or not this entity [Hayman Company] owns the claim is an arbitrable issue and that is why we're asking for that award to be made." A party cannot submit an issue to the arbitration panel and then, when an unfavorable result occurs, claim that the arbitrators exceeded their authority in deciding the issue.[2]

In summary, a dispute between Hayman Company and The Island as to whether Hayman Company owned the claims it was asserting was clearly arbitrable under the arbitration clause in the construction contract between the parties; therefore, we conclude that the arbitrators did not exceed their authority in deciding the issue against The Island.

*2. Gross Mistake*

As another ground for vacating the arbitration award, The Island argues that the arbitrators committed "gross mistakes" in determining that Hayman Company owned the claims that it asserted and in awarding damages to Hayman Company based on those claims, because the evidence clearly established that: (1) Hayman Company had assigned the construction contract in question to TJH Company; and (2) TJH Company, not Hayman Company, had performed any work done under the contract. The Island also argues that the arbitrators committed a gross mistake in calculating Hayman Company's damages.

■ Initially, we note that "gross mistake" is not listed in the Act as a ground for setting aside an arbitration award. Assuming arguendo, however, that gross mistake is a proper basis for attacking an arbitration award falling within the realm of the Act, we conclude that the arbitrators did not commit any such mistake.

■ The test for determining whether or not an arbitration award must be vacated is whether the award is "tainted with fraud, misconduct, or such gross mistake as would imply bad faith and failure to exercise honest judgment." *House Grain Co. v. Obst,* 659 S.W.2d 903, 905 (Tex.App.1983, writ ref'd n.r.e.) (quoting *Carpenter,* 436 S.W.2d at 551). Therefore, a "gross mistake" must be one that implies bad faith and failure to exercise honest judgment. *House Grain Co.,* 659 S.W.2d at 906. A mere mistake of fact or law alone is insufficient to set aside an arbitration award; only those errors of fact or law that result in a fraud or some great and manifest wrong and injustice warrant setting aside an arbitration award. *Id.; Bailey & Williams v. Westfall,* 727 S.W.2d 86, 90 (Tex.App.1987, writ ref'd n.r.e.). A gross mistake is one that "results in a decision

2. The Island contends that it did not submit to the arbitration proceedings without reservation; rather, it raised objections to the proceedings on the ground that Hayman did not actually own the claims it was asserting. Having read the objections made by The Island, we conclude that no clear objection was made on this basis. In any event, our conclusion that the arbitration agreement empowered the arbitrators to decide the assignment/ownership issue makes the objection academic.

that is arbitrary or capricious. An honest judgment made after due consideration given to conflicting claims, however erroneous, is not arbitrary or capricious." *Bailey & Williams*, 727 S.W.2d at 90. Finally, we note that "[a]n arbitration award has the same effect as the judgment of a court of last resort, and a trial judge reviewing the award may not substitute his or her judgment for the arbiters' merely because he would have reached a different decision." *Id.*

### a. Ownership of Claim

Having reviewed the arbitration record, we conclude that the arbitrators did not commit a gross mistake in concluding that Hayman Company owned the claims it asserted against The Island. The 1987 construction contract in question listed Hayman Company as the contractor. There was no written assignment of the 1987 contract to TJH Company. Further, even if Hayman Company attempted to assign the contract to TJH Company, the arbitrators may have determined that the assignment was ineffective. The construction contract contained an assignment clause that required Hayman Company to get the consent of The Island before assigning the contract to a third party. Hayman Company never obtained such consent from The Island; therefore, the arbitrators may have reasoned that any attempted assignment was of no effect. Further, there was evidence that Hayman Company and TJH Company were closely related entities. Both companies maintained the same president and chairman of the board, as well as the same address and telephone number. And there was evidence that all parties concerned, including The Island, treated the two companies as interchangeable. Finally, there was evidence that Hayman Company performed at least some work on the project and that The Island made payments to Hayman Company.

Based on this evidence, we conclude that the arbitrators did not commit a gross mistake in awarding damages to Hayman Company. No matter how erroneous in law or fact, the arbitrators could have honestly determined, after giving due consideration to the evidence, that: (1) Hayman Company never effectively assigned the contract to TJH Company; (2) Hayman Company and TJH Company were so closely related that any assignment of the contract was of no consequence, especially since there was evidence that all parties, including The Island, treated the companies as interchangeable; or (3) Hayman Company performed on the contract and, therefore, owned the claims it asserted against The Island. Therefore, we conclude that the arbitrators' decision on the ownership issue was not so erroneous that it resulted in a fraud or manifest injustice or implied bad faith and failure to exercise honest judgment.

### b. Damages

■ The Island also argues that the arbitrators committed gross mistakes in calculating Hayman Company's award by: (1) failing to offset Hayman Company's recovery by The Island's costs to complete the project; (2) arbitrarily awarding Hayman Company $860,742.31; and (3) improperly basing Hayman Company's award on a "total cost" method of calculation.

The arbitrators awarded Hayman Company $801,742.31 in actual damages plus $100,000 in attorney's fees. They reduced Hayman Company's recovery, however, by $41,000, such sum being actual damages suffered by The Island. Therefore, Hayman Company's net recovery was $860,742.31.

First, The Island argues that Hayman Company admitted that The Island was entitled to an offset of at least $150,000 for corrective work to be performed on the project. We disagree. Hayman Company asserted that even if The Island had incurred $150,000 in such costs, it had given The Island approximately $350,000 in credits that offset the $150,000. Given this conflicting evidence, the arbitrators were entitled to believe Hayman Company. The Island also asserts that the $41,000 in damages that the arbitrators offset against Hayman Company's award was arbitrary. Again, we disagree. The sum of $41,000 is

the approximate amount that Hayman Company agreed it owed The Island for completion of certain work left uncompleted and for repair of nonconforming work.

Finally, The Island argues that the arbitrators improperly used the "total cost" method in calculating Hayman Company's damages. As we stated above, however, errors in law or fact are not sufficient to set aside an award unless they are such as to imply bad faith and failure to exercise honest judgment. Having reviewed the arbitration record and Hayman Company's evidence concerning its damages, we conclude that the arbitrators' decision concerning damages was not so erroneous as to result in fraud or manifest injustice or to imply bad faith and failure to exercise honest judgment.

We conclude, therefore, that the arbitrators did not commit a gross mistake in determining that Hayman Company had the right to assert the claims in question; nor did they commit a gross mistake in calculating the award.

### 3. Fraudulent Inducement

Finally, The Island argues that Hayman Company fraudulently induced it to enter into a construction contract containing an arbitration clause when Hayman Company had already assigned the contract to TJH Company or was planning to do so. The Island claims that it specifically relied on Hayman Company's reputation in entering the contract, and that it would not have agreed to arbitrate with TJH Company. Therefore, The Island argues, since the arbitration agreement was fraudulently induced, there was no valid agreement to arbitrate and the award must be set aside under Tex.Rev.Civ.Stat.Ann. art. 237, § A(5) (1973).

This argument is yet another attempt by The Island to have the ownership issue relitigated in a court of law. As discussed above, the arbitrators determined that Hayman Company owned the claims it asserted. At no time, therefore, did The Island arbitrate with TJH Company. There is no question that a valid agreement to arbitrate existed between The Island and Hayman Company. In order for this Court to determine that the contract was fraudu-

lently induced, we would have to conclude that TJH Company was the real party in interest; the arbitrators have already decided that issue, and we again decline The Island's invitation to revisit it. Further, at no time during the arbitration proceedings did The Island claim that it had been fraudulently induced to enter into the contract; therefore, it has waived any such complaint. We reject this argument as being without merit.

### CONCLUSION

We conclude that the arbitrators neither exceeded their authority nor committed a gross mistake in their award to Hayman Company. Further, we conclude that The Island was not fraudulently induced to enter into the construction contract in question. Accordingly, we overrule The Island's point of error and affirm the judgment of the district court confirming the arbitration award.