**Verna COOPER, Appellant,**

**v.**

**Perry BUSHONG, Appellee.**

**No. 03–98–00377–CV.**

Court of Appeals of Texas, Austin.

Aug. 26, 1999.

Released for Publication Nov. 24, 1999.

John F. Campbell, Campbell & Morgan, P.C., Austin, for Appellant.

Sarah K. Brandon, Law Offices of Sarah K. Brandon, P.C., Austin, for Appellee.

Before JONES, B.A. SMITH and YEAKEL, JJ.

LEE YEAKEL, Justice.

Appellant Verna Cooper appeals from a district-court judgment terminating the parent-child relationship between appellee Perry Bushong and their child, H.C., ren-

dered on the award of an arbitrator following submission of the case to binding arbitration. Cooper also challenges the validity of the arbitration award and the process by which a guardian ad litem was appointed to represent H.C.'s interests. We will modify the judgment to reflect the entire amount of child support awarded by the arbitrator and, as modified, affirm the judgment of the district court.

## BACKGROUND

Cooper brought suit in district court to establish that a parent-child relationship existed between Bushong and her child, H.C. Bushong answered by general denial, but later amended his answer to admit paternity and requested the court, *inter alia*, to enter judgment "establishing [him] to be the parent of the child the subject of this suit [H.C.] and such child to be his biological child," and to appoint him sole managing conservator of H.C.

Cooper and Bushong signed a written agreement entitled "Rule 11 Agreement," [1] in which they agreed that Bushong "will sign an affidavit terminating his parental rights of [H.C.]" and pay $35,000 in child support to Cooper in installments over five years, with the first payment of $10,000 due within five days of the district court's signing a termination decree. The agreement also stated, *"This Rule 11 Agreement is a mediated settlement and is irrevocable."* (Emphasis in original.)

Cooper then amended her pleadings and requested that the district court terminate the parent-child relationship between H.C. and Bushong and appoint a guardian ad litem to represent the interests of H.C.[2] Filed with Cooper's pleading was an affidavit signed by Bushong relinquishing his parental rights.[3] While the record does not contain an order appointing a guardian ad litem, the Family Services Unit of the Travis County Domestic Relations Office appeared as guardian ad litem for H.C.

After the appearance by the guardian ad litem, Cooper non-suited her action. Bushong then amended his pleadings to seek termination of any parent-child relationship between himself and H.C.[4] Bushong also sought attorney's fees against Cooper.

Finally, Cooper filed a "First Amended Petition to Establish Paternity" asking the district court, *inter alia*, to establish the parent-child relationship between Bushong and H.C., name Cooper managing conservator of H.C., order Bushong to pay support for H.C., and award Cooper attorney's fees. In addition, Cooper asked the court to "strike" the previous Rule 11 Agreement.

By written agreement signed by Cooper, Bushong, Bushong's wife, the attorneys for both Cooper and Bushong, the guardian ad litem, and the arbitrator, the parties agreed to *binding arbitration.*[5] The arbitrator conducted a hearing.[6] At the time

---

1. *See* Tex.R. Civ. P. 11.

2. Cooper's pleading was entitled "Original Petition to Terminate Parent–Child Relationship," but was filed in the pending action and not as a separate suit.

3. Curiously, Bushong's relinquishment affidavit was signed and notarized on the same day he requested the district court to name him managing conservator of H.C., but six days before the Rule 11 Agreement was filed. The Rule 11 Agreement does not indicate when it was signed.

4. Bushong's new amended pleading was entitled "Original Petition to Terminate Parent–Child Relationship by Perry Bushong." As was the case with Cooper's pleading, Bush-

ong's pleading was filed in the existing action, not as a new suit. This pleading by Bushong is quite vague, and it is uncertain from the pleading whether he was then denying paternity of H.C.

5. *See* Tex. Fam.Code Ann. § 153.0071 (West 1996) ("On written agreement of the parties, the court may refer a suit affecting the parent-child relationship to arbitration. The agreement must state whether the arbitration is binding or non-binding.").

6. *See* Tex.Civ.Prac. & Rem.Code Ann. § 171.043 (West Supp.1999) (General Arbitration Act).

the parties agreed to binding arbitration and at the time of the hearing, their live pleadings reflected that Cooper was seeking to *establish* Bushong's paternity of H.C., while Bushong was requesting *termination* of any relationship that existed between himself and H.C. The arbitrator signed a written award, determining that termination of Bushong's parental relationship with H.C. was in the child's best interest and awarding $35,000 in child support to be paid in installments as expressed in the Rule 11 Agreement.[7]

Cooper then requested that the district court review the arbitrator's findings *de novo.* Bushong responded by moving the district court to render judgment in his favor on the arbitrator's award.[8] After a hearing on both motions, the court terminated Bushong's parental rights, finding by clear and convincing evidence that termination was in the best interests of H.C. *See* Tex. Fam.Code Ann. § 153.0071 (West 1996) ("Family Code") ("If the parties agree to binding arbitration, the court shall render an order reflecting the arbitrator's award unless the court determines at a non-jury hearing that the award is not in the best interest of the child."); 161.005 (court may order termination of parent-child relationship of petitioning parent if in best interest of child). The district court also decreased the amount awarded by the arbitrator as child support by $5000 "as a result of undue expenses, including but not limited to attorney's fees incurred by Perry Bushong."

In six issues, Cooper challenges (1) the validity of the arbitrator's award; (2) the district court's judgment rendered on the arbitrator's award; and (3) the process by which the guardian ad litem was appointed to represent the interests of H.C. Bushong moves to dismiss Cooper's appeal, arguing that Cooper is estopped from prosecuting an appeal because she voluntarily accepted the benefits of the district court's judgment.

## DISCUSSION

### Motion to Dismiss

■■■ In his motion to dismiss the appeal, Bushong relies on the acceptance-of-benefits doctrine, which provides that "a litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom." *Carle v. Carle,* 149 Tex. 469, 234 S.W.2d 1002, 1004 (1951). This doctrine, however, only applies if the benefits of the judgment were *voluntarily* accepted. *See id.; L.P.D. v. R.C.,* 959 S.W.2d 728, 731 (Tex.App.—Austin 1998, pet. denied). Acceptance of benefits due to financial duress or other economic circumstances does not constitute voluntary acceptance. *See Smith v. Texas Commerce Bank,* 822 S.W.2d 812, 814 (Tex. App.—Corpus Christi 1992, writ denied) (citing *Carle,* 234 S.W.2d at 1004); *Haggard v. Haggard,* 550 S.W.2d 374, 376 (Tex.Civ.App.—Dallas 1977, no writ). The appellee has the burden to prove that the appellant is estopped by the acceptance-of-benefits doctrine. *See L.P.D.,* 959 S.W.2d at 731 (citing *Gonzalez v. Gonzalez,* 614 S.W.2d 203, 204 (Tex.Civ. App.—Eastland 1981, writ dism'd)).

Bushong testified by affidavit that he sent two child support payments to Cooper for $5000 and $7000 respectively after the decree of termination was signed by the district court. It is undisputed that both checks were endorsed by Cooper. Cooper admits that she accepted the benefits of the first check but only "to pay for the necessities for the family." According to Cooper, she is the single parent of two children, has difficulties making ends meet each month, and filed for bankruptcy to

---

7. *See* p. 22, *supra.*

8. By agreeing in writing to binding arbitration, Cooper and Bushong conferred jurisdiction on the district court "to enforce the agreement and to render judgment on [the arbitrator's award]." *See* Tex.Civ.Prac. & Rem.Code Ann. § 171.081 (West Supp.1999).

avoid foreclosure on her home prior to accepting the benefits of the first check. When the second check arrived, Cooper testified further that she was instructed by her attorney not to accept the benefits of this check and that, to her understanding, the check is being held in trust by her trial attorney.

In light of Bushong's and Cooper's affidavits, Bushong did not meet his burden of proving as a matter of law that Cooper voluntarily accepted the benefits of the child support judgment. *See L.P.D.*, 959 S.W.2d at 732. Therefore, we deny Bushong's motion to dismiss.

### Arbitrator's Award

#### Existence of a Valid Arbitration Agreement

Cooper first contends that there is not a valid arbitration award terminating Bushong's parental rights because the award is not in writing or signed by the arbitrator. *See* Tex.Civ.Prac. & Rem.Code Ann. § 171.053 (West Supp.1999) (hereinafter "General Arbitration Act")[9] (arbitrator's award must be in writing and signed by arbitrator). Cooper further asserts that there was no basis for the district court to order termination pursuant to section 153.0071(b) of the Family Code. *See* Family Code § 153.0071(b) ("If the parties agree to binding arbitration, the court shall render an order reflecting the arbitrator's award...."). However, the record reflects that the arbitrator signed an award entitled "Arbitration Decision and Award," which was filed on December 1, 1997. Moreover, a transcript containing the arbitrator's award was introduced into evidence before the district court, and the record indicates that the court had a copy of the award when he rendered his decision. Thus, we find these claims to be without merit.

Cooper next argues that "[n]o copy of the award was delivered to Appellant, as there was no written award to deliver." *See* General Arbitration Act § 171.053 (arbitrator shall deliver a copy of the award to each party). We disagree. The arbitrator certified in his award that he sent the parties a true copy of the award in accordance with section 171.053 of the General Arbitration Act. *See id.* The record further reflects that Cooper had the arbitrator's findings in writing.[10] Thus, this claim is similarly without merit.

We overrule Cooper's first issue.

#### Review of the Arbitrator's Award

 In her second issue, Cooper asserts that the arbitrator "erred in basing termination on a finding of best interest pursuant to § 161.005 of the Family Code." *See* Family Code § 161.005. "It is the policy of this state to encourage the peaceable resolution of disputes, with special consideration given to disputes involving the parent-child relationship, including the mediation of issues involving conservatorship, possession and support of children...." Tex.Civ.Prac. & Rem.Code Ann. § 154.002 (West 1997). Pursuant to this policy, review of arbitration awards is extraordinarily narrow. *Faulconer, Inc. v. HFI Ltd. Partnership*, 970 S.W.2d 36, 39 (Tex.App.—Tyler 1998, no pet.). Accordingly, we must indulge every reasonable presumption in order to uphold arbitration awards. *See Daniewicz v. Thermo Instrument Sys.*, 992 S.W.2d 713, 716 (Tex. App.—Austin 1999, no pet. h.) (citing *J.J. Gregory Gourmet Servs., Inc. v. Antone's Import Co.*, 927 S.W.2d 31, 33 (Tex.App.—Houston [1st Dist.] 1995, no writ)).

A court can set aside an arbitration award only if: (1) the award was procured by corruption, fraud or other undue means; (2) the rights of a party were prejudiced by evident partiality, corruption, misconduct, or willful misbehavior by

---

**9.** *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 171.001–.098 (West Supp.1999).

**10.** Cooper's attorney stated at the hearing before the district court, "we have his [the arbitrator's] findings in writing."

an arbitrator; (3) the arbitrator exceeded his powers, refused to postpone the hearing after a showing of sufficient cause for the postponement, refused to hear evidence material to the controversy, or conducted the hearing, contrary to the General Arbitration Act, in a manner that substantially prejudiced the rights of a party; or (4) there was no agreement to arbitrate, the issue was not adversely determined in a proceeding to compel or stay arbitration, and the party did not participate in the arbitration hearing without raising the objection. *See* General Arbitration Act § 171.088(a). In addition, an award can be modified or corrected only if: (1) the award contains an evident miscalculation of numbers, or an evident mistake in the description of a person, thing, or property referred to in the award; (2) the arbitrator has made an award with respect to a matter not submitted to him and the award may be corrected without affecting the merits of the decision made with respect to the issues that were submitted; or (3) the form of the award is imperfect in a manner not affecting the merits of the controversy. *See id.* § 171.091.

■ Cooper contends that the arbitrator erred in finding that termination was in the best interest of the child because he based his decision solely on the testimony of Bushong and Bushong's friends. However, the record reflects that the arbitrator heard evidence, beyond that given by Bushong and his friends, supporting his decision to recommend termination of the parent-child relationship. Moreover, "[a] mere mistake of fact or law alone is insufficient to set aside an arbitration award." *Anzilotti v. Gene D. Liggin, Inc.,* 899 S.W.2d 264, 266 (Tex.App.—Houston [14th Dist.] 1995, no writ); *Island on Lake Travis v. Hayman Co.,* 834 S.W.2d 529, 533 (Tex.App.—Austin 1992), *vacated and writ granted and case remanded for dismissal by agr.,* 848 S.W.2d 84 (Tex.1993). Cooper is simply arguing that the facts were insufficient to support the arbitrator's decision

and award. She has not indicated any act by the arbitrator that invokes our right to vacate or modify the arbitrator's award under the General Arbitration Act. *See* General Arbitration Act §§ 171.088, .091; *J.J. Gregory Gourmet,* 927 S.W.2d at 33 (absent statutory ground to vacate or modify arbitration award, reviewing court lacks jurisdiction to review other complaints, including the sufficiency of the evidence supporting the award). Moreover, Cooper's court pleadings requested termination of Bushong's parental rights if established and alleged that termination was in the child's best interest.

Therefore, we overrule Cooper's second issue.

### Termination Based on the Arbitrator's Award

■ By her third and fourth issues, Cooper challenges the district court's rendition of judgment on the arbitrator's award. First, Cooper asks whether the district court properly granted termination of Bushong's parental rights without hearing any evidence concerning the child's best interest. At the hearing to review the arbitrator's award, however, the district court had before him a number of documents supporting his conclusion that termination was in H.C.'s best interest, including several documents signed by Cooper, Bushong, and the arbitrator all averring that termination was in the best interest of H.C. *See* Family Code § 153.0071(b) ("If the parties agree to binding arbitration, the court shall render an order reflecting the arbitrator's award unless the court determines at a non-jury hearing that the award is not in the best interest of the child.").

Moreover, the Family Code provides that the party seeking to avoid an order based on an arbitrator's award has the burden of proof at the hearing before the district court. *Id.* While Cooper had the burden of proving that termination was *not* in the best interest of H.C., she introduced no evidence to negate the finding of the arbitrator regarding best interest. As

a result, she failed to discharge the burden of proof placed upon her by the Family Code. *See id; see also Traylor v. Goulding*, 497 S.W.2d 944, 945 (Tex.1973) (where petitioner had burden of proof, the jury verdict on this issue need not be supported by affirmative evidence); *In re J.J.R.*, 669 S.W.2d 840, 842 (Tex.App.—Amarillo 1984, writ dism'd) (as appellant failed to discharge her burden of proof, "the failures to find the facts necessary to appellant's recovery need not be supported by evidence").

Therefore, we overrule Cooper's third issue.

### Reduction of Arbitrator's Award

 Cooper next contends that the district court erred in reducing from $35,000 to $30,000 the amount awarded by the arbitrator as child support to reflect the expenses and attorney's fees incurred by Bushong in this action.[11] We agree. Courts are not free to simply change an arbitrator's award. *Babcock & Wilcox Co. v. PMAC, Ltd.*, 863 S.W.2d 225, 229 (Tex. App.—Houston [14th Dist.] 1993, writ denied). "An arbitration award has the same effect as the judgment of a court of last resort, and a trial judge reviewing the award may not substitute his or her judgment for the arbiters' merely because he would have reached a different decision." *Island on Lake Travis*, 834 S.W.2d at 534 (quoting *Bailey & Williams v. Westfall*, 727 S.W.2d 86, 90 (Tex.App.—Dallas 1987, writ ref'd n.r.e.)).

The arbitrator addressed all issues in controversy in this action. He was permitted by statute to award attorney's fees if such fees were provided for in the arbitration agreement or by law. *See* General Arbitration Act § 171.048(c). However, the arbitrator awarded no attorney's fees in this action, finding specifically that nei-

ther side showed any particular merit to receive attorney's fees and that attorney's fees were not appropriate in this case.

The court must confirm an arbitrator's award unless a party offers grounds for vacating, modifying, or correcting the award. General Arbitration Act § 171.087.[12] Courts are only permitted to modify arbitration awards in limited circumstances. *See* General Arbitration Act § 171.091.[13] There is no evidence in this case to support modification of the arbitrator's award because the award did not contain any evident mistakes or miscalculations, the arbitrator did not decide an issue not submitted to him, and the form of the award is not challenged on appeal. The arbitrator here determined the issue of attorney's fees. *See Monday v. Cox*, 881 S.W.2d 381, 384–85 (Tex.App.—San Antonio 1994, writ denied) (attorney's fees, not specifically mentioned in arbitration agreement, were submitted to arbitrator by DTPA claim); *Babcock*, 863 S.W.2d at 235–36 (because attorney's fees submitted to arbitrator, issue was decided by arbitrator). The district court is not permitted to second-guess this decision on the merits. *Monday*, 881 S.W.2d at 385. Because no grounds exist for modifying or correcting the arbitrator's award, we conclude that the district court was precluded from interfering with the arbitrator's jurisdiction and impermissibly modified the arbitrator's decision. *See Babcock*, 863 S.W.2d at 236.

Therefore, we uphold Cooper's fourth issue and modify the district-court judgment to reflect the arbitrator's decision awarding $35,000 as child support.

### Appointment of Guardian Ad Litem

 In her final two issues, Cooper challenges the process by which the guard-

---

**11.** The "Decree of Termination" rendered by the district court reduced the first support payment from $10,000 to $5,000. *See* pp. 22, 23, *supra*.

**12.** Of course the court is not bound by the arbitrator's award if the award is not in the

best interest of the child. *See* Family Code § 153.0071. Here, however, the district court's modification of the arbitrator's award *takes support away from the child*.

**13.** *See* pp. 24–25, *supra*.

ian ad litem was appointed to represent H.C. in this case. First, Cooper contends that the arbitration award was invalid because it was based on the Rule 11 Agreement, which was entered into before a guardian ad litem was appointed to represent the child. We disagree.

All contested issues in this case, including termination, were submitted to arbitration. The arbitrator was charged with determining whether termination was in the best interest of H.C. Several witnesses testified at the arbitration hearing, including the guardian ad litem who was appointed to represent H.C.'s interests. The Rule 11 Agreement was also evidence that termination was in the best interest of H.C.

However, the arbitrator's decision to terminate the parental rights of Bushong was not based entirely on the Rule 11 Agreement. This agreement only provided that Bushong would sign an affidavit of relinquishment; it did not terminate the parent-child relationship. To terminate that relationship, the court requires independent evidence that such termination would be in the child's best interest. *See* Family Code § 161.005 (court may order termination invoked by parent if in best interest of child). The arbitrator's decision resulted from a myriad of evidence. The district court properly appointed a guardian ad litem to represent H.C. during the proceeding at issue in this case: the arbitration proceedings. *See* Family Code § 107.001(a) (court must appoint guardian ad litem to represent interests of a child in any suit in which termination of parent-child relationship is requested). Thus, the arbitration decision and award is valid. We overrule Cooper's fifth issue.

■ Cooper finally argues that an attorney ad litem, as distinguished from a guardian ad litem, should have been appointed to represent H.C. Where a parent requests termination, courts have discretion to appoint an attorney ad litem rather than a guardian ad litem. *See* Family Code §§ 107.011, .012 (court shall appoint attorney ad litem for any party in case in which the court deems necessary to protect interests of the child; however, court must appoint attorney ad litem in suit filed by governmental entity requesting termination). Thus, we must review the district court's decision in this case for an abuse of discretion, *i.e.*, we must determine whether circumstances exist that would cause a prudent trial judge to believe that the appointment of an attorney ad litem instead of a guardian ad litem was necessary to adequately represent and protect H.C.'s interest. *Cf. L.P.D. v. R.C.*, 959 S.W.2d 728, 730 (Tex.App.—Austin 1998, pet. denied) (abuse of discretion standard when court exercises authority to appoint ad litem in paternity proceedings).

When the court appointed a guardian ad litem to represent H.C., Cooper had filed a petition to terminate the parent child relationship between Bushong and H.C., and Bushong had signed an affidavit relinquishing his parental rights. At this point, there appeared to be no dispute between the parties. Thus, it would be reasonable to find that the appointment of a guardian ad litem would be adequate to protect the child's interest because the ability of an attorney to call and examine witnesses, *inter alia*, would not be necessary. *See* Family Code § 107.014 (describing powers and duties of an attorney ad litem for child). Moreover, the guardian ad litem aggressively campaigned for H.C.'s interest in this case: she signed the agreement to submit the issues to an arbitrator; she appeared and testified before the arbitrator at the arbitration proceedings; she filed a letter with the court expressing her opinions about this case; and she appeared at the hearing before the district court.

Therefore, we conclude that the court did not err in appointing a guardian ad litem rather than an attorney ad litem. We overrule Cooper's final issue.

## CONCLUSION

We modify the district-court judgment to reflect the arbitrator's decision award-

ing child support in the amount of $35,000. In all other respects, the judgment of the district court is affirmed.