TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00380-CV






John M. Cutney, Jr. and Elizabeth Cutney, Appellants



v.



Wayne Lesser and Lou Ellen MacNaughton, Appellees







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 98-0-109, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING 







 John M. Cutney, Jr. and Elizabeth Cutney ("the Cutneys")and Wayne Lesser and
Lou Ellen MacNaughton share a common boundary between their respective properties in
Caldwell County. The Cutneys sued Lesser and MacNaughton contending a fence built by the
Lessers encroached on their side of the boundary line. The parties agreed to submit their dispute
to arbitration. The arbitrator denied all relief requested by the Cutneys and awarded
MacNaughton $5,000 in damages on their counterclaim for intentional infliction of emotional
distress. The trial court confirmed the arbitrator's award. The Cutneys raise four issues on appeal 

We affirm.


Discussion


 In their first and third issues, the Cutneys argue that the trial court erred by failing
to recognize a common law ground for vacating the arbitrator's award. Citing Lee v. El Paso
County, 965 S.W.2d 668 (Tex. App.--El Paso 1998, pet. denied), they assert that the award
violated public policy and therefore should have been vacated. See Lee v. El Paso County, 965
S.W.2d 668, 672 (Tex. App.--El Paso 1998, pet. denied). We disagree. The Lee case involved
a dispute over a "buy back" provision in a collective bargaining agreement for unused sick leave. 
The arbitrator ordered the county to pay the disputed unused sick leave. The trial court granted
summary judgment for the county. On appeal, the court concluded that the award was against
public policy. Id. at 673. The public policy at issue was the "use of government funds." Id. This
case is distinguishable from Lee. Here, the facts involve a private dispute and do not involve
public funds. We decline to apply the public policy exception from Lee. Accordingly, we
overrule issues one and three. 

 In their second issue, the Cutneys argue that the arbitrator's award constituted an
abuse of discretion and was against the preponderance of the evidence. In their fourth issue, the
Cutneys contend that the trial court erred in affirming the arbitrator's award of $5,000 in damages
for intentional infliction of emotional distress contending that the evidence presented at the
arbitration was legally and factually insufficient to support the award.(1) In both issues, the Cutneys
misstate the standard of review of an arbitrator's award. 

 Review of arbitration awards is extraordinarily narrow. Cooper v. Bushong, 10
S.W.3d 20, 24 (Tex. App.--Austin 1999, pet. denied) (citing Faulconer, Inc. v. HFI Ltd.
Partnership, 970 S.W.2d 36, 39 (Tex. App.--Tyler 1998, no pet.)). We must indulge every
reasonable presumption in favor of upholding the award. Cooper, 10 S.W.3d at 24. A court can
set aside an arbitration award only if: (1) the award was procured by corruption, fraud or other
undue means; (2) the rights of a party were prejudiced by evident partiality, corruption,
misconduct, or wilful behavior by an arbitrator; (3) the arbitrator exceeded his powers, refused
to postpone the hearing, refused to hear evidence material to the controversy, or conducted the
hearing contrary to the General Arbitration Act, in a manner that substantially prejudiced the
rights of the parities; or (4) there was no agreement to arbitrate, the issue was not adversely
determined in a proceeding to compel or stay arbitration, and the party did not participate in the
arbitration hearing without raising the objection. Cooper, 10 S.W.3d at 24-25; Tex. Civ. Prac.
& Rem. Code Ann. § 171.088(a) (West Supp. 2000).

 An award can be modified or corrected only if: (1) the award contains an evident
miscalculation of numbers, or an evident mistake in the description of a person, thing or property
referred to in the award; (2) the arbitrator has made an award with respect to a matter not
submitted to him and the award may be corrected without affecting the merits of the decision made
with respect to the issues that were submitted; or (3) the form of the award is imperfect in a
manner not affecting the merits of the controversy. Cooper 10 S.W.3d at 25; Tex. Civ. Prac. &
Rem. Code Ann. § 171.091(a) (West Supp. 2000).

 A mere mistake of fact or law is insufficient to set aside an award; only those errors
of fact or law that result in a fraud or some great and manifest wrong and injustice warrant setting
aside an arbitration award. Nuno v. Pulido, 946 S.W.2d 448, 452 (Tex. App.--Corpus Christi
1997, no writ) (citing Island on Lake Travis, Ltd. v. Hayman Co. Gen. Contractors, Inc., 834
S.W.2d 529, 533 (Tex. App.--Austin 1992), writ granted w.r.m., 848 S.W.2d 84 (Tex. 1993)). 
Absent a statutory or common law ground to vacate or modify an arbitration award, a reviewing
court lacks jurisdiction to review other complaints, including the sufficiency of the evidence
supporting the award. J.J. Gregory Gourmet Servs., Inc. v. Antone's Import Co., 927 S.W.2d
31, 33 (Tex. App.--Houston [1st Dist.] 1995, no writ).

 Because the Cutneys have failed to articulate grounds for challenging the arbitration 

award as set out in sections 171.088 (a) or 171.091 (a), they have presented nothing for this Court
to review by their second and fourth issues. Accordingly, we overrule issues two and four.


Conclusion


 Having overruled appellants' issues, we affirm the trial court's judgment. 



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Yeakel

Affirmed

Filed: December 21, 2000

Do Not Publish


1. The Lessers counterclaimed for damages after Mr. Cutney fired a gun in MacNaughton's
presence when she approached the Lesser's home attempting to retrieve her dog. 


 pet. denied). We disagree. The Lee case involved
a dispute over a "buy back" provision in a collective bargaining agreement for unused sick leave. 
The arbitrator ordered the county to pay the disputed unused sick leave. The trial court granted
summary judgment for the county. On appeal, the court concluded that the award was against
public policy. Id. at 673. The public policy at issue was the "use of government funds." Id. This
case is distinguishable from Lee. Here, the facts involve a private dispute and do not involve
public funds. We decline to apply the public policy exception from Lee. Accordingly, we
overrule issues one and three. 

 In their second issue, the Cutneys argue that the arbitrator's award constituted an
abuse of discretion and was against the preponderance of the evidence. In their fourth issue, the
Cutneys contend that the trial court erred in affirming the arbitrator's award of $5,000 in damages
for intentional infliction of emotional distress contending that the evidence presented at the
arbitration was legally and factually insufficient to support the award.(1) In both issues, the Cutneys
misstate the standard of review of an arbitrator's award. 

 Review of arbitration awards is extraordinarily narrow. Cooper v. Bushong, 10
S.W.3d 20, 24 (Tex. App.--Austin 1999, pet. denied) (citing Faulconer, Inc. v. HFI Ltd.
Partnership, 970 S.W.2d 36, 39 (Tex. App.--Tyler 1998, no pet.)). We must indulge every
reasonable presumption in favor of upholding the award. Cooper, 10 S.W.3d at 24. A court can
set aside an arbitration award only if: (1) the award was procured by corruption, fraud or other
undue means; (2) the rights of a party were prejudiced by evident partiality, corruption,
misconduct, or wilful behavior by an arbitrator; (3) the arbitrator exceeded his powers, refused
to postpone the hearing, refused to hear evidence material to the controversy, or conducted the
hearing contrary to the General Arbitration Act, in a manner that substantially prejudiced the
rights of the parities; or (4) there was no agreement to arbitrate, the issue was not adversely
determined in a proceeding to compel or stay arbitration, and the party did not participate in the
arbitration hearing without raising the objection. Cooper, 10 S.W.3d at 24-25; Tex. Civ. Prac.
& Rem. Code Ann. § 171.088(a) (West Supp. 2000).

 An award can be modified or corrected only if: (1) the award contains an evident
miscalc