COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



PROVIDIAN BANCORP SERVICES
N/K/A WASHINGTON MUTUAL AND
F/D/B/A PROVIDIAN FINANCIAL
CORPORATION,


 Appellant,


v.


CONSTANCE THOMAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


§

No. 08-07-00246-CV



Appeal from the


County Court at Law No. 5


of El Paso County, Texas


(TC#2004-4101)



O P I N I O N


 Providian Bancorp Services n/k/a Washington Mutual and f/d/b/a Providian Financial
Corporation ("Providian") appeals the trial court's confirmation of an arbitration award in favor of
Appellee, Constance Thomas. We affirm the judgment of the trial court.

I. BACKGROUND


 In April of 2003, Thomas entered into a written employment agreement (the "Employment
Agreement") with Providian. Thomas, an African-American female, was hired to work as a team
manager in Providian's El Paso facility. Soon after she was hired, Thomas concluded that she was
being subjected to racial discrimination by Providian.

 On September 27, 2004, Thomas filed suit against Providian and Jackie Warner, her superior. 
Thomas asserted claims for employment discrimination and retaliation, pursuant to the Texas Labor
Code, see Tex. Lab. Code Ann. §§ 21.051 and 21.055, and for assault and battery. Among other
things, Thomas alleged that, at or near the time that Providian hired her, it hired a younger, less-qualified, non-African-American male, to whom it paid a higher salary; that Warner called her
"Blondie," which Thomas took to be a derogatory comment concerning her race; that, after she
complained about her treatment, Providian continually changed her team members and her shift
times; and that Warner slapped her on one occasion.

 Providian moved to compel arbitration and to stay the proceedings, based upon an arbitration
clause (the "Arbitration Clause") contained in her Employment Agreement, which provided, in
pertinent part:

 [I]n case of any dispute or disagreement arising out of or in any way related to this
Agreement, your employment with us, or the termination of your employment
(including, but not limited to, claims of discrimination, harassment, wrongful
discharge, breach of contract, tortious conduct, statutory violations or any injury to
your physical, mental or economic interests), you and the Company agree to submit
the dispute or disagreement to binding arbitration before JAMS/Endispute (or its
successor or a mutually-agreed upon arbitrator at AAA if JAMS/Endispute is unable
or unwilling to hear the dispute), pursuant to the California Arbitration Act, CCP
§ 1280 et seq. The costs and fees of the arbitrator shall be paid by the Company,
except that where you initiate arbitration under this paragraph, you will be required
to pay a fee equal to an initial court filing fee. Any party to the arbitration shall be
entitled to take discovery as provided under the California Arbitration Act , and each
party will be entitled to all remedies as provided by the substantive law pursuant to
which the claims are made. The Rules of Evidence will apply. Any decision or
award by the arbitrator shall be in writing and shall include a summary of findings
of fact and law on which the decision or award is based, and such decision is final
and binding, subject to judicial review as provided by the California Arbitration Act. 


 On March 14, 2005, the trial court granted the motions and ordered the parties to proceed to
arbitration before former judge Enrique Peña, an arbitrator employed by Texas Arbitration Mediation
Services, Inc. ("TAMS"). On May 16, 2005, the parties' attorneys entered into a letter agreement,
pursuant to Texas Rule of Civil Procedure 11 (the "Rule 11 Agreement"), in which various
agreements were made concerning the pending arbitration proceeding. First, the parties agreed that
the Rule 11 Agreement would be in addition to all other terms and conditions of the Arbitration
Clause. The Rule 11 Agreement further provided that "the parties have also agreed that the TAMS
rules ('TAMS Rules') will apply. To the extent the TAMS Rules or this agreement conflict with the
Arbitration Clause, the parties agree that the TAMS Rules or this agreement will apply." Following
the foregoing statement were various provisions concerning discovery and scheduling. Subsequent
to these, the Rule 11 Agreement provided that, "to the extent that the agreements set forth above
conflict with the TAMS Rules, this agreement, set forth herein, shall control." The final provision
of the Rule 11 Agreement stated that "judicial review will be conducted pursuant to the Texas
General Arbitration Act. Civ. Prac[.] & Rem. Code §171.001 et seq."

 Following a hearing, Arbitrator Peña issued a written award which contained his findings and
conclusions. Peña found that Thomas failed to establish her claims of either racial discrimination
or retaliation. The arbitrator did find, however, that, although there was conflicting testimony of the
event, Warner assaulted Thomas by slapping her on the back of the head. For the assault, the
arbitrator awarded Thomas damages in the amount of $1; however, he also awarded a total of
$24,500 in attorneys' fees to her two attorneys.

 Thomas brought a motion to confirm the arbitrator's award, and Providian moved to modify
the attorneys' fees portion of the award. Following a hearing on the motions, the trial court entered
an order denying Providian's motion and confirming the arbitrator's award. Providian appeals the
decision of the trial court and requests that this Court reverse the trial court and modify the award
of attorneys' fees to Thomas to zero.


II. DISCUSSION

A. Standard of Review

 We review confirmation of an arbitration award de novo. GJR Mgmt. Holdings, L.P. v. Jack
Raus, Ltd., 126 S.W.3d 257, 262 (Tex. App.--San Antonio 2003, pet. denied); American Realty
Trust, Inc. v. JDN Real Estate-McKinney, L.P., 74 S.W.3d 527, 531 (Tex. App.--Dallas 2002, pet.
denied). In Texas, review of an arbitration award is extremely narrow. Hisaw & Assocs. Gen.
Contractors, Inc. v. Cornerstone Concrete Sys., Inc., 115 S.W.3d 16, 18 (Tex. App.--Fort Worth
2003, pet. denied); Cooper v. Bushong, 10 S.W.3d 20, 24 (Tex. App.--Austin 1999, pet. denied). 
We indulge every reasonable presumption in order to uphold the arbitration award. Hisaw, 115
S.W.3d at 18; Cooper, 10 S.W.3d at 24. "[T]he authority of arbitrators is derived from the
arbitration agreement and is limited to a decision of the matters submitted therein either expressly
or by necessary implication." Gulf Oil Corp. v. Guidry, 160 Tex. 139, 143, 327 S.W.2d 406, 408,
37 Lab. Cas. (CCH) ¶ 65,669 (1959).

 Traditional contract principles are used to interpret arbitration agreements. In re Phelps
Dodge Magnet Wire Co., 225 S.W.3d 599, 603 (Tex. App.--El Paso 2005, original proceeding
[mand. denied]). We will enforce an arbitration agreement according to its plain meaning. Ysleta
Indep. Sch. Dist. v. Godinez, 998 S.W.2d 700, 702 (Tex. App.--El Paso 1999, no pet.).

B. The Arbitration Award


 In its sole issue on appeal, Providian challenges the trial court's confirmation of the
arbitrator's award of attorneys' fees and argues that the award should be modified to eliminate any
award of fees. "Absent an allegation of a statutory or common law ground to vacate or modify an
arbitration award, a reviewing court lacks jurisdiction to review the arbitrator's decision." Lee v. El
Paso County, 965 S.W.2d 668, 671-72 (Tex. App.--El Paso 1998, pet. denied). Providian does not
assert a common law ground to modify the judgment; instead, it contends that it is entitled to
modification pursuant to the Texas General Arbitration Act ("TGAA").

 Under the TGAA, a court shall modify or correct an arbitration award if:

 (1) the award contains:


 (A) an evident miscalculation of numbers; or 


 (B) an evident mistake in the description of a person, thing, or property
referred to in the award;


 (2) the arbitrators have made an award with respect to a matter not submitted to them
and the award may be corrected without affecting the merits of the decision made
with respect to the issues that were submitted; or


 (3) the form of the award is imperfect in a manner not affecting the merits of the
controversy.


Tex. Civ. Prac. & Rem. Code Ann. § 171.091(a). Providian argues that the award may be
modified, because it is imperfect in form not affecting the merits of the controversy.

 Providian makes two arguments in support. First, it contends that the Arbitration Clause
limits the parties to the recovery to which they would be entitled under the substantive law at issue
and that, under such law, there was no basis for Thomas to recover attorney's fees. The Labor Code
allows a court to award reasonable attorney's fees to the prevailing party on claims brought under
chapter 21. (1) See Tex. Lab. Code Ann. § 21.259. Accordingly, had Thomas prevailed upon her
discrimination claim or her retaliation claim, there would have been a statutory basis for an award
of attorneys' fees to her. However, the only claim upon which Thomas prevailed was her common-law assault claim. Thomas does not dispute that, under Texas law, she would not be entitled to
recover attorney's fees for prevailing on a common-law assault claim. See Z.A.O., Inc. v. Yarbrough
Drive Ctr. Joint Venture, 50 S.W.3d 531, 550 (Tex. App.--El Paso 2001, no pet.) ("attorney's fees
are not recoverable in tort actions"). Instead, she argues that the Rule 11 Agreement provides that
TAMS Rules apply to the arbitration and that the arbitrator had authority under those rules to award
her attorney's fees.

 The Arbitration Clause provides that "[a]ny party to the arbitration shall be entitled . . . to all
remedies as provided by the substantive law pursuant to which the claims are made" (emphasis
added). Prior to the arbitration, however, the parties entered into the Rule 11 Agreement, which
provides that TAMS Rules would apply and that, to the extent that TAMS Rules conflict with the
Arbitration Clause, TAMS Rules or the Rule 11 Agreement would apply. Thus, we must determine
whether there is a conflict between the particular TAMS rule at issue and the Arbitration Clause.

 The TAMS rule states that "[t]he arbitrator or arbitral tribunal may grant any remedy or relief
that: The arbitrator or arbitral tribunal deems just and equitable, including, any remedy or relief the
parties would be entitled to as if the matter was heard in court . . . ." Clearly, the provision contained
in the Arbitration Clause restricts the arbitrator to those remedies available under the applicable
substantive law, whereas the latter provision grants the arbitrator broad authority to craft the
remedies he deems "just and equitable." If the rule provided that the arbitrator may grant any remedy
or relief to which the parties would be entitled as if the matter were heard in court, then the two
provisions would have essentially the same effect and there would be no conflict. However, that is
not the case and, because the clauses do conflict, the parties' Rule 11 Agreement dictates that the
TAMS rule applies. (2)

 Providian's second argument is that the parties agreed that judicial review would be
conducted pursuant to the TGAA, which does not permit the award of attorneys' fees, unless they
are provided for in the agreement to arbitrate or "by law for a recovery in a civil action in the district
court on a cause of action on which any part of the award is based." Tex. Civ. Prac. & Rem. Code
Ann. § 171.048(c). Providian contends that the agreement to arbitrate did not provide for attorney's
fees and that there was no statutory basis for an award of fees. Providian argues that section
171.048(c) applies, because the Rule 11 Agreement states that judicial review will be conducted
pursuant to the TGAA. Thus, Providian appears to contend that the reference to "judicial review"
in the Rule 11 Agreement meant that all provisions of the TGAA, including section 171.048(c),
governed the entire arbitration proceeding and not merely the procedures for subsequent review.

 A plain reading of the Rule 11 Agreement indicates that the parties intended to supplant the
TGAA rules for the arbitration proceeding with those of the TAMS Rules and the specific discovery
and scheduling agreements set out in the Rule 11 Agreement and intended that any subsequent
review of the arbitration award would be conducted pursuant to the procedures contained in the
TGAA.

 In this regard, it is helpful to look at the structure of the TGAA itself. The TGAA is divided
into four subchapters: Subchapter A contains general provisions; subchapter B involves proceedings
to compel or stay arbitration; subchapter C contains various rules for the arbitration proceeding; and
subchapter D contains rules for subsequent court proceedings, including confirmation, vacation, and
modification of an arbitration award. Notably, section 171.048(c), upon which Providian relies, is
contained in subchapter C, which deals with rules for the arbitration proceeding, and not in
subchapter D. Accordingly, it does not appear that the parties intended that section 171.048(c) limit
the scope of the arbitrator's award.

 Even if section 171.048(c) were to apply, it would not preclude the award of fees in this case.
The parties' agreement vested the arbitrator with the authority to award any remedy or relief that he
deemed just and equitable. This is sufficiently broad to include an award of attorney's fees. See
Gillispie v. Village of Franklin Park, 405 F. Supp. 2d 904, 913, 97 Fair Empl. Prac. Cas. (BNA) 604
(N.D. Ill. 2005) (noting that a rule allowing any remedy or relief deemed just and equitable,
including any remedy or relief that would have been available in court, was a capacious grant of
authority sufficient to allow an award of attorney's fees). Moreover, the TGAA, within the
subchapter governing court review, provides that "[t]he fact that the relief granted by the arbitrators
could not or would not be granted by a court of law or equity is not a ground for vacating or refusing
to confirm the award." Tex. Civ. Prac. & Rem. Code Ann. § 171.090. Accordingly, the fact that
there was not a statutory or other basis for a court to award attorney's fees would not have been an
appropriate ground for the trial court to refuse to confirm the award. See Anchor Paving Co. v.
Trinh, No. 01-99-01199-CV, 2000 WL 567645, at *3 (Tex. App.--Houston [1st Dist.] May 11, 2000,
pet. denied) (not designated for publication) (district court properly refused to vacate award of
attorney's fees, because section 171.090 prevailed over section 171.048(c)(2)).

 Providian relies on Pheng Investments, Inc. v. Rodriguez, 196 S.W.3d 322 (Tex. App.--Fort
Worth 2006, no pet.). In Pheng, the purchaser of an apartment building brought claims against the
seller for breach of contract, statutory fraud, common law fraud, and various other claims. Id. at 327. 
The case proceeded to arbitration, and the arbitrator found that the seller made false and misleading
statements to the purchaser to induce the sale of the property. The arbitrator awarded the purchaser
damages and attorney's fees in the amount of $50,000. The buyer moved to confirm the award under
the TGAA, and the seller moved to vacate it under the TGAA, Federal Arbitration Act, common law,
and public policy. The district court confirmed the arbitration award in all respects. On appeal, the
Fort Worth Court of Appeals modified the arbitration award to eliminate the award of attorneys'
fees. Id. at 334. The court noted that under the TGAA, an arbitrator may only award fees as
permitted by section 171.048(c). Id. at 333. The contract at issue between the parties provided that
the prevailing party in any legal proceeding brought in relation to the contract would be entitled to
reasonable attorney's fees. Id. However, there was no evidence that the fees were reasonable. Id. 
Although section 27.01 of the Texas Business and Commerce Code may have provided a statutory
basis for the award, it required proof that fees were reasonable and necessary. Because the record
contained no evidence that the fees awarded were reasonable and necessary, the court modified the
award. Id. at 333-34.

 The issue in Pheng was whether there was evidence that the fees awarded pursuant to the
parties' arbitration agreement were reasonable and necessary. In the present case, the issue is
whether the arbitration agreement permitted the arbitrator to award fees, and Pheng does not address
this issue. Here, the parties agreed that the arbitrator could award any recovery or remedy that he
deemed just and equitable. We believe that this was broad enough to permit an award of attorneys'
fees in this case. We deny Providian's sole issue on appeal.


III. CONCLUSION


 We therefore affirm the judgment of the trial court.


 KENNETH R. CARR, Justice


May 15, 2008


Before Chew, C.J., McClure, and Carr, JJ.

1. Although the statute provides that attorney's fees may be awarded to "the prevailing party" in a chapter 21
proceeding, such fees are rarely awarded to successful defendants. See, e.g., Wiltshire v. Humpal Physical Therapy,
P.C., 2005 WL 2091092, at *9 (Tex. App.--Corpus Christi Aug. 31, 2005, no pet.) (mem. op.); but cf. Elgaghil v.
Tarrant County Junior Coll., 45 S.W.3d 133 (Tex. App.--Fort Worth 2000, pet. denied) (attorney's fees awarded to
prevailing defendant where chapter 21 plaintiff's claims were groundless as a matter of law). Providian does not
complain about the arbitrator's failure to award it any attorney's fees based upon its success in the chapter 21 portion
of the proceeding.
2. Providian argues that there is no conflict between the TAMS Rules and the parties' arbitration agreement as
modified by the Rule 11 Agreement, because the TAMS Rules do not specifically address the award of attorneys' fees. 
However, neither the Arbitration Clause nor the Rule 11 Agreement addresses attorneys' fees.