COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-293-CV
 
HISAW & ASSOCIATES GENERAL       
           
           
           
           
    APPELLANT
CONTRACTORS, INC.
V.
CORNERSTONE CONCRETE SYSTEMS,       
           
           
           
         
APPELLEES
INC. AND MAPFRE REINSURANCE
CORPORATION F/K/A CHATHAM
REINSURANCE CORPORATION
------------
FROM THE 393RD DISTRICT COURT OF DENTON COUNTY
------------
OPINION
------------
This appeal is from a judgment confirming
an arbitration award settling disputes between two construction contractors and
an intervening corporate surety. Appellant Hisaw & Associates General
Contractors, Inc. ("Hisaw") contends the trial court erred in two
respects: (1) it lacked the requisite jurisdiction to enter the judgment; and
(2) the trial court abused its discretion in granting Appellee Mapfre
Reinsurance Corporation f/k/a Chatham Reinsurance Corporation's (Chatham) plea
in intervention. Hisaw asks us to vacate the trial court's judgment and dismiss
the case. We will affirm.
Facts
In 1997, Hisaw and Cornerstone Concrete
Systems, Inc. (Cornerstone) entered into a subcontract under which Cornerstone
was to provide goods and services to Hisaw in conjunction with Hisaw's
construction of an elementary school. The subcontract included a dispute
arbitration clause. During the course of the project, conflicts arose, leading
each party to contend that the other breached the subcontract.
Chatham is a company providing surety
bonds for contractors, including surety bonds for construction projects
undertaken by Cornerstone. On March 27, 1998, Cornerstone made a written
assignment to Chatham of its rights to any and all funds received pursuant to
the subcontract at issue and to any claims and rights of action accrued or to be
accrued as a result of the project.
In 1999, Cornerstone filed suit against
Hisaw for breach of contract. Cornerstone noted in its petition that the parties
were involved in arbitration through the American Arbitration Association. Hisaw
subsequently filed a counter-claim alleging breach of contract, fraud,
negligence, and breach of warranty. Both parties agreed to an order of
abatement, allowing the previously filed arbitration to proceed.
On October 9, 2001, Hisaw filed a plea in
abatement before the trial court and the arbitration panel, asking both to abate
the arbitration on the ground that Cornerstone no longer had a justiciable
interest because of its assignment of rights against Hisaw to Chatham. The
arbitrators denied the plea and commenced the arbitration. On November 13, 2001,
the arbitration panel issued an award in favor of Cornerstone, and modified the
award on December 26, 2001.
Between the time of the original award and
the modification, Hisaw filed a motion in the trial court requesting that it
vacate the arbitration award and grant it summary judgment because Cornerstone
lacked a justiciable interest in the controversy. On February 25, 2002,
Cornerstone requested that the trial court confirm the arbitration award. On
March 1, 2002, Chatham moved for leave to file its plea in intervention. Hisaw
opposed both Chatham's intervention and confirmation of the arbitrators' award.
Ultimately, however, the trial court rendered a final judgment granting Chatham
leave to intervene and confirming the arbitrators' award plus post-judgment
interest in favor of both Cornerstone and Chatham.

Whether
the Arbitrators Exceeded Their
Powers
in Determining That Cornerstone Had Standing
In its first issue, Hisaw argues that the
trial court did not have jurisdiction to enter a final judgment as to the
arbitration panel's award because Cornerstone had no justiciable interest and,
therefore, no standing to bring the underlying breach of contract or the
confirmation of arbitration award claims. Hisaw asks us to reverse the trial
court's judgment and dismiss this appeal for want of jurisdiction or, in the
alternative, to remand the case to the trial court with instructions to order a
new arbitration -- in other words, to vacate the arbitration panel's award.
We review de novo a trial court's
confirmation of an arbitration award. Thomas James Assocs., Inc. v. Owens,
1 S.W.3d 315, 320 (Tex. App.--Dallas 1999, no pet.). In Texas, review of
arbitration awards is extraordinarily narrow. Cooper v. Bushong, 10
S.W.3d 20, 24 (Tex. App.--Austin 1999, pet. denied). Accordingly, we must
indulge every reasonable presumption in order to uphold the arbitration award. Id.
An arbitration award is conclusive on the
parties as to all matters of fact and law because the award has the effect of a
judgment of a court of last resort. Anzilotti v. Gene D. Liggin, Inc.,
899 S.W.2d 264, 266 (Tex. App.--Houston [14th Dist.] 1995, no pet.); Bailey
& Williams v. Westfall, 727 S.W.2d 86, 90 (Tex. App.--Dallas 1987, writ
ref'd n.r.e.). For an appellate court to have jurisdiction to review an
arbitration award, an appellant must allege a statutory or common law ground to
vacate the award. Anzilotti, 899 S.W.2d at 266. The statutory grounds
for vacating an award are the following:

        
 (1) The award was procured by corruption, fraud or other undue means;
        
 (2) There was evident partiality . . . misconduct or willful misbehavior of
 any of the arbitrators prejudicing the rights of any party;
        
 (3) The arbitrators exceeded their powers;
        
 (4) The arbitrators refused to postpone the hearing upon sufficient cause
 being shown therefor or refused to hear evidence material to the controversy
 or otherwise so conducted the hearing contrary to the provisions of Article
 228, as to prejudice substantially the rights of a party; or
        
 (5) There was no arbitration agreement and the issue was not adversely
 determined in proceedings under Article 225 and the party did not participate
 in the arbitration hearing without raising the objection.

Tex. Rev. Civ. Stat. Ann. art. 237 § A
(Vernon 1973) (emphasis added). Although Hisaw does not expressly complain that
the arbitrators "exceeded their powers" in determining that
Cornerstone had a justiciable interest, the underlying basis for its argument
that the trial court had no jurisdiction is the contention that the arbitration
panel exceeded its powers when it implicitly determined that Cornerstone had
such an interest. We interpret Hisaw's real complaint to be that the arbitration
panel exceeded its powers in determining that Cornerstone had standing.
The Texas Supreme Court has stated that
"the authority of arbitrators is derived from the arbitration agreement and
is limited to a decision of the matters submitted therein either expressly or by
necessary implication." Gulf Oil Corp. v. Guidry, 160 Tex. 139,
327 S.W.2d 406, 408 (Tex. 1959). The construction contract between Hisaw and
Cornerstone included the following arbitration clause:

        
 4.5.1 Controversies and Claims Subject to Arbitration. Any
 controversy or Claim arising out of or related to the Contract, or the
 breach thereof, shall be settled by arbitration in accordance with the
 Construction Industry Arbitration Rules of the American Arbitration
 Association, and judgment upon the award rendered by the arbitrator or
 arbitrators may be entered in any court having jurisdiction thereof. [Emphasis
 added.]
 

As stated above, Hisaw asserts that
because Cornerstone assigned to Chatham all of its rights to bring a claim, any
disputes concerning the contract were actually between Chatham and Hisaw, not
Cornerstone and Hisaw. The assignment states, in part:

 Cornerstone . . . does hereby
 unconditionally and irrevocably assign, transfer and convey unto Chatham . . .
 its successors and assigns, all of the right, title and interest of
 [Cornerstone] in and to any and all funds, amounts and monies earned and to be
 earned, now due or to become due . . . together with all claims and rights of
 action accrued or which may accrue on said construction projects.

The arbitration clause is broad, covering
"[a]ny controversy or Claim" arising out of or related to the
contract, or the breach thereof, and authorized the arbitrators to conclude the
dispute between Hisaw and Cornerstone which arose out of, or related to, the
contract documents and the alleged breach thereof.
Our sister court of appeals' decision in Island
on Lake Travis, Ltd. v. Hayman Co. Gen. Contractors, Inc., 834 S.W.2d 529
(Tex. App.--Austin 1992, writ granted, judgm't vacated w.r.m.), is instructive.
In Hayman, as here, the appellee assigned its rights in a construction
contract to a third party. The contract included a similarly broad arbitration
clause. When a dispute arose and the appellee initiated arbitration proceedings
against the appellant, the appellant expressly submitted the
assignment/ownership of claims issue to the arbitrators, complaining that the
assignee, not the appellee, was the real party in interest, and therefore the
appellee had no standing to bring claims under the contract. The Austin Court of
Appeals rejected that argument and held that under a broad arbitration clause,
"a dispute between the parties to the contract concerning the ownership of
a claim arising from the contract is just as arbitrable as a dispute concerning
the merits of the claim itself."  See Hayman, 834
S.W.2d at 532. We find the Austin court's logic persuasive.
Here, the parties do not dispute that they
agreed to arbitrate. We hold that the arbitration clause gave the arbitration
panel the power to make the determination as to whether Cornerstone, as opposed
to Chatham, was the properly named party, and that the trial court correctly
confirmed the arbitration panel's award.
Whether
the Trial Court Abused its
Discretion
in Permitting Chatham to Intervene
In its second issue, Hisaw contends that
the trial court erred in allowing Chatham to intervene in the lawsuit after the
arbitration. Hisaw argues that the December 26, 2001 arbitration award was a
final judgment on the merits and, therefore, the trial court erred in overruling
Hisaw's motion to strike because it had no authority to allow Chatham to
intervene. The arbitration clause reads as follows:

        
 4.5.7 Judgment on Final Award. The award rendered by the arbitrator
 or arbitrators shall be final, and judgment may be entered upon it in
 accordance with applicable law in any court having jurisdiction thereof.

We review a trial court's order on a
motion to strike under an abuse of discretion standard. Guar. Fed. Savs.
Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 657 (Tex. 1990) (op. on
reh'g). An intervenor in state court is not required to secure the court's
permission to intervene, and the party opposing intervention has the burden to
challenge it by a motion to strike. Id. To determine whether a trial
court abused its discretion, we must decide whether the trial court acted
without reference to any guiding rules or principles; in other words, whether
the act was arbitrary or unreasonable. See Garcia v. Martinez, 988
S.W.2d 219, 222 (Tex. 1999); Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986).
Merely because a trial court may decide a matter within its discretion in a
different manner than an appellate court would in a similar circumstance does
not demonstrate that an abuse of discretion has occurred. Downer, 701
S.W.2d at 241-42.
An abuse of discretion does not occur
where the trial court bases its decisions on conflicting evidence. Davis v.
Huey, 571 S.W.2d 859, 862 (Tex. 1978); see also Goode v. Shoukfeh,
943 S.W.2d 441, 446 (Tex. 1997). Furthermore, an abuse of discretion does not
occur as long as some evidence of substantive and probative character exists to
support the trial court's decision. Holley v. Holley, 864 S.W.2d 703,
706 (Tex. App.--Houston [1st Dist.] 1993, writ denied).
A party has the right to intervene if it
could have brought the same action, or any part thereof, on its own. See
Tex. R. Civ. P. 60. An intervention is proper at any time before a final
judgment on the merits issues. See Citizens State Bank v. Caney Invs.,
746 S.W.2d 477, 478 (Tex. 1988); Litoff v. Jackson, 742 S.W.2d 788, 789
(Tex. App.--San Antonio 1987, no writ) (allowing intervention after trial was
completed). Hisaw contends that the final decision on the merits in this case
came on December 26, 2001, the day the arbitrators issued their modified award.
For an order or judgment to be final it must dispose of every pending claim and
party or clearly and unequivocally state that it finally disposes of all claims
and all parties. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205 (Tex.
2001). We do not agree with Hisaw's contention that the December 26, 2001
arbitration award constituted a "final judgment." The December 26
award preceded the trial court's confirmation order and therefore did not
finally dispose of all claims and all parties. Compare Buffalo Royalty Corp.
v. Enron Corp., 906 S.W.2d 275, 277 (Tex. App.--Amarillo 1995, no pet.)
(holding that the arbitration award did not dispose of all issues and parties).
Instead, it was the trial court's May 23, 2002 final judgment confirming the
arbitration panel's award that disposed of all parties and issues. Chatham
intervened two and one-half months before that date. We conclude the trial court
acted within its discretion in permitting Chatham to intervene prior to the
entry of final judgment. We overrule issue two.
We affirm the trial court's judgment.
                                                                       
PER CURIAM
 
PANEL A: DAVID L. RICHARDS, J. (Sitting by
Assignment); DAY and LIVINGSTON, JJ.
DELIVERED: April 10, 2003