John KOSTY and Elaine
Kosty, Appellants,

v.

SOUTH SHORE HARBOUR COMMUNITY ASSOCIATION,
INC., Appellee.

No. 01–04–00698–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 20, 2006.

Rehearing Overruled Sept. 15, 2006.

See also 2003 WL 131857.

Mark W. Stevens, The Law Office of Mark Stevens, Galveston, TX, for Appellants.

Charles A. Daughtry, Daughtry & Jordan, P.C., Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices JENNINGS and ALCALA.

## OPINION

ELSA ALCALA, Justice.

This is an appeal from the trial court's final order confirming an arbitration award entered in favor of South Shore Harbour Community Association, Inc. ("South Shore"), appellee, and against John and Elaine Kosty ("the Kostys"), appellants. The trial court's order also modified the arbitrator's award by awarding $5,386.43 against the Kostys for South Shore's attorney's fees and costs of arbitration. The Kostys are homeowners in South Shore Harbour in League City, Texas, a planned community that has South Shore as its homeowners' association, and the underlying litigation concerns the adequacy of a potted plant used to conceal trash cans. In two issues on appeal, the Kostys contend that the trial court erred by confirming the arbitrator's award because the arbitrator refused to hear evidence material to the controversy, and by modifying the arbitrator's award to include attorney's fees after the arbitrator expressly declined to do so.[1] We conclude that the trial court erred by awarding attorney's fees that were not included in the arbitrator's award and therefore modify the judgment of the trial court to delete the award for attorney's fees in the amount of $3,786.43.[2] We affirm the trial court's order as so modified.

---

1. Both parties refer to, and we apply, the Texas General Arbitration Act, chapter 171, Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 171.001–.098 (Vernon 2005).

2. The trial court also modified the arbitrator's award to include $1,600 in arbitration costs, but appellant has not complained about that portion of the trial court's judgment. *See Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex.

## Background

During a previous appeal of the trial court's judgment in the underlying lawsuit between the Kostys and South Shore, the parties' mediation resulted in a settlement agreement that was formalized and executed in November 2002.[3] The settlement agreement provided that (1) South Shore would pay a sum of money to the Kostys, (2) South Shore would "plant shrubs to match existing shrubs to aid in the concealment of the Kostys' trash cans," (3) South Shore would "reimburse the Kosty's for up to $100 for a planter box or equivalent to be used in the concealment of the trash cans," and (4) the Kostys would "conceal their trash cans behind the shrubs to be planted by [South Shore]." The settlement agreement further provided that the parties agreed to "submit any future disputes to binding arbitration with the loser to pay the winning party's attorney's fees and cost of arbitration." The settlement agreement resulted in dismissals of the underlying litigation.

The parties continued their disagreement about whether the potted plants sufficiently concealed trash cans and, as a result, South Shore filed a Petition for the Appointment of Arbitrator in October, 2003. The petition asserted that the Kostys had breached the settlement agreement because the shrubs that they had planted were inadequate to conceal the trash cans. The petition requested that the trial court appoint an arbitrator to decide the dispute and pleaded for recovery of attorney's fees expended to enforce the settlement agreement. Although the Kostys opposed the trial court's appointment of an arbitrator, the trial court ordered all claims to binding arbitration and appointed an arbitrator.

The arbitrator conducted an evidentiary hearing that resulted in a "Judgment of Arbitrator" that was "in favor of South Shore," ordering the Kostys to "plant a plant in their current pot that will completely conceal their trash cans from public view." The order further provided that the "parties agree on a suitable plant for planting," but "if the parties cannot or will not agree on a suitable plant," "the Arbitrator will choose an appropriate plant to be used in the concealment of the Kosty's trash cans." Consistent with his oral declaration at the termination of the hearing that he was "not going to order anyone to pay attorney's fees," the arbitrator's order provided "that all costs of arbitration expended or incurred in this case are hereby adjudged against the party incurring same."

South Shore filed a motion that sought to have the trial court confirm the award and modify the award by adding an award for attorney's fees and costs for the proceedings against the Kostys. The Kostys filed a "Motion to Vacate or Modify Award of Arbitrator and for Other Alternative Relief," asserting various reasons for the trial court to reject the arbitrator's award. After a hearing, the trial court entered an order that provided that "the Arbitration Award ... is hereby confirmed." However, the order also modified the award of the arbitrator to include $3,786.43 for South Shore's attorney's fees and $1,600 for costs of arbitration.

## Trial Court's Confirmation and Modification of Arbitration Award

■■■ The Kostys, in two issues, challenge the trial court's confirmation of the

---

1993) (stating that court of appeals may not reverse trial court's judgment on ground not raised on appeal).

3. The mediation not only resolved the underlying lawsuit, but two other pending lawsuits between the parties.

arbitration award and modification of the award to include attorney's fees. Texas law favors arbitration. *IPCO—G. & C. Joint Venture v. A.B. Chance Co.*, 65 S.W.3d 252, 255 (Tex.App.-Houston [1st Dist.] 2001, pet. denied). Because arbitration is favored as a means of dispute resolution, courts indulge every reasonable presumption in favor of upholding the award. *Id.* at 256. An arbitration award has the same effect as a judgment of a court of last resort, and a court reviewing the award may not substitute its judgment for the arbitrator's merely because the court would have reached a different decision. *Id.* Every reasonable presumption must be indulged to uphold the arbitrator's decision, and none is indulged against it. *Id.* A mistake of fact or law is insufficient to set aside an arbitration award. *Id.* In the absence of a statutory or common law ground to vacate or to modify an arbitration award, a reviewing court lacks jurisdiction to review other complaints, including the sufficiency of the evidence to support the award. *Id.*

### Arbitrator's Refusal to Hear Evidence

■ In their first issue, the Kostys assert that the "Court erred in confirming the Arbitrator's award because the Arbitrator declined to hear evidence material to the controversy," in violation of section 171.088 the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.088(a)(3)(C) (Vernon 2005). The Kostys specifically complain that the arbitrator refused to hear evidence that they assert was material to the controversy under section 202.004 of the Property Code, which they contend allowed them to assert a defense to deed restriction enforcement. *See* TEX. PROP.CODE ANN. § 202.004(a) (Vernon 1995).[4]

■ "On application of a party, the court shall vacate an arbitrator's award if … the arbitrators … refused to hear evidence material to the controversy." *Id.* § 171.088(a)(3)(C) (Vernon 2005). An arbitrator is not bound to hear all the evidence tendered by the parties as long as each party is given an adequate opportunity to present evidence and arguments. *Babcock & Wilcox Co. v. PMAC, Ltd.*, 863 S.W.2d 225, 234 (Tex.App.-Houston [14th Dist.] 1993, writ denied) (applying the Federal Arbitration Act, 9 U.S.C.S. §§ 1–16 (1997)).[5]

4. Texas Property Code Section 202.004 reads, in its entirety:

§ 202.004. Enforcement of Restrictive Covenants

(a) An exercise of discretionary authority by a property owners' association or other representative designated by an owner of real property concerning a restrictive covenant is presumed reasonable unless the court determines by a preponderance of the evidence that the exercise of discretionary authority was arbitrary, capricious, or discriminatory.

(b) A property owners' association or other representative designated by an owner of real property may initiate, defend, or intervene in litigation or an administrative proceeding affecting the enforcement of a restrictive covenant or the protection, preservation, or operation of the property covered by the dedicatory instrument.

(c) A court may assess civil damages for the violation of a restrictive covenant in an amount not to exceed $200 for each day of the violation.

TEX. PROP.CODE ANN. § 202.004(a) (Vernon 1995).

5. The Federal Arbitration Act provides as a ground for vacating an award that the "arbitrators refus[ed] to hear evidence pertinent and material to the controversy." 9 U.S.C.S. § 10(a)(3) (1997). The Texas General Arbitration Act similarly provides that an award shall be vacated if the "arbitrators refused to hear evidence material to the controversy." TEX. CIV. PRAC. & REM.CODE ANN. § 171.088(a)(3)(C) (Vernon 2005). We conclude that these provisions are substantially similar. Because the two provisions are substantially similar, cases interpreting the Federal Act constitute persuasive authority for interpreting the Texas Act.

A settlement agreement is a contract, and its construction is governed by legal principles applicable to contracts generally. *Donzis v. McLaughlin,* 981 S.W.2d 58, 61 (Tex.App.-San Antonio 1998, no pet.); *Old Republic Ins. Co. v. Fuller,* 919 S.W.2d 726, 728 (Tex.App.-Texarkana 1996, writ denied). To establish a breach of contract a plaintiff must show (1) the existence of a valid contract between the plaintiff and the defendant, (2) the plaintiff's performance or tender of performance, (3) the defendant's breach of the contract, and (4) the plaintiff's damage as a result of the breach. *Prime Prods., Inc. v. S.S.I. Plastics, Inc.,* 97 S.W.3d 631, 636 (Tex.App.-Houston [1st Dist.] 2002, pet. denied).

Assuming that the Kostys could have asserted defenses under Property Code section 202.004 in the underlying dispute, those defenses were no longer applicable to the disagreement over the breach of the settlement agreement.[6] The issue before the arbitrator here concerned only whether the Kostys had violated the settlement agreement's terms that (1) South Shore would "plant shrubs to match existing shrubs to aid in the concealment of the Kostys' trash cans," (2) the Kostys would "conceal their trash cans behind the shrubs to be planted by [South Shore]," and (3) South Shore would "reimburse the Kostys for up to $100 for a planter box or equivalent to be used in the concealment of the trash cans." We conclude that the arbitrator did not err by excluding evidence of defenses that may have been asserted in the underlying dispute because those possible defenses were abandoned when the Kostys settled the underlying lawsuit and thus were not material to the matters before the arbitrator. Accordingly, we hold that the trial court did not err by confirming the arbitrator's award.

We overrule the Kostys' first issue.

### *Attorney's Fees*

In their second issue, the Kostys assert that the trial court erred by modifying the arbitration award to include $3,786.43 in attorney's fees. The arbitrator's order recites that judgment was "in favor of South Shore" and the arbitration agreement expressly provides that the prevailing party is to be awarded its attorney's fees. However, the arbitrator stated at the arbitration hearing that he was "not going to order anyone to pay attorney's fees," and the arbitrator's order provides "that all costs of arbitration expended or incurred in this case are hereby adjudged against the party incurring same." We must, therefore, determine whether a trial court has authority to add attorney's fees to its judgment confirming an arbitration award when an arbitrator that decided the matter of attorney's fees declined to award fees.

"Unless grounds are offered for ... modifying ... an award under Section ... 171.091, the court, on application of a party, shall confirm the award." TEX. CIV. PRAC. & REM.CODE ANN. § 171.087 (Vernon 2005). Section 171.091 provides that the grounds to modify or to correct an award are: (1) an evident miscalculation of numbers; (2) an evident mistake in the description of a person, thing, or property to which the award refers; (3) the arbitrator's having made an award with respect to a matter not submitted to the arbitrator, when the award may be corrected without affecting the merits of the decision

---

*Tri–Star Petroleum Co. v. Tipperary Corp.,* 107 S.W.3d 607, 613 (Tex.App.-El Paso 2003, pet. denied).

**6.** The parties settlement agreement provides that they "release, acquit and forever discharge ... all claims or causes of action" in the underlying litigation.

on issues that were submitted; or (4) the award's form, when that form is imperfect in a manner that does not affect the merits of the controversy. *Id.* § 171.091(a)(1)-(3) (Vernon 2005). The grounds for modifying or correcting an arbitration award are limited to the grounds listed in section 171.091. *Callahan & Assocs. v. Orangefield Indep. Sch. Dist.,* 92 S.W.3d 841, 844 (Tex.2002).

 If a matter is submitted to the arbitrator, a trial court is without authority to modify the arbitrator's award. *See Monday v. Cox,* 881 S.W.2d 381, 385 (Tex. App.-San Antonio 1994, writ denied) (holding that trial court's order erroneously set aside arbitrator's award of attorney's fees because issue of attorney's fees had properly been submitted to arbitrator and "trial court was without authority to modify that aspect of the decision"). The authority of an arbitrator is derived from the arbitration agreement. *City of Baytown v. C.L. Winter, Inc.,* 886 S.W.2d 515, 518 (Tex.App.-Houston [1st Dist.] 1994, writ denied) (quoting *Gulf Oil Corp. v. Guidry,* 160 Tex. 139, 327 S.W.2d 406, 408 (1959)). An arbitration agreement that provides that "any" controversy between the parties will be arbitrated, by its plain language, covers *any* controversy. *Baker Hughes Oilfield Operations, Inc. v. Hennig Prod. Co., Inc.,* 164 S.W.3d 438, 443–44 (Tex. App.-Houston [14th Dist.] 2005, no pet.).

The arbitration agreement between South Shore and the Kostys provides that "any future disputes" will be submitted to binding arbitration. Further, both South Shore and the Kostys requested the arbitrator to award attorney's fees. Because the arbitration agreement contains broad language, because the parties specifically requested that the arbitrator award attorney's fees, and because the arbitrator's statement that he would not award any party attorney's fees indicates that he considered and rejected the award of attorney's fees, we conclude that the matter of attorney's fees was submitted to the arbitrator. *See id.* at 445 (noting that arbitrators did not exceed powers by deciding issue raised by both parties in arbitration pleadings); *City of Baytown,* 886 S.W.2d at 518–19 (same); *see also Monday,* 881 S.W.2d at 385 (holding one party's request for attorney's fees sufficient to submit matter to arbitrator). We conclude, therefore, that the trial court was without authority to modify the arbitrator's award because the issue had properly been submitted to the arbitrator, who had rejected both parties' request for attorney's fees. *See Monday,* 881 S.W.2d at 383–84; *see also Nuno v. Pulido,* 946 S.W.2d 448, 451–52 (Tex.App.-Corpus Christi 1997, no writ) (holding that trial court erred by awarding prejudgment interest that was not ordered by arbitrator when that issue was submitted to arbitrator). The arbitrator's decision to deny attorney's fees could not properly be changed by the trial court in a motion confirm or a motion to modify the award.

We sustain the Kostys' second issue.

## Conclusion

We modify the judgment of the trial court to delete the award of attorney's fees in the amount of $3,786.43. We affirm the trial court's judgment as so modified. Furthermore, all pending motions relating to this appeal are denied as moot.