COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| PROVIDIAN BANCORP SERVICES N/K/A WASHINGTON MUTUAL AND F/D/B/A PROVIDIAN FINANCIAL CORPORATION, | § § § | No. 08-07-00246-CV |
| | § | Appeal from the |
| Appellant, | § | County Court at Law No. 5 |
| v. | § | of El Paso County, Texas |
| CONSTANCE THOMAS, | § | (TC#2004-4101) |
| Appellee. | § | |
| | § | |

**O P I N I O N**

Providian Bancorp Services n/k/a Washington Mutual and f/d/b/a Providian Financial

Corporation ("Providian") appeals the trial court's confirmation of an arbitration award in favor of

Appellee, Constance Thomas. We affirm the judgment of the trial court.

**I. BACKGROUND**

In April of 2003, Thomas entered into a written employment agreement (the "Employment

Agreement") with Providian. Thomas, an African-American female, was hired to work as a team

manager in Providian's El Paso facility. Soon after she was hired, Thomas concluded that she was

being subjected to racial discrimination by Providian.

On September 27, 2004, Thomas filed suit against Providian and Jackie Warner, her superior.

Thomas asserted claims for employment discrimination and retaliation, pursuant to the Texas Labor

Code, *see* TEX. LAB. CODE ANN. §§ 21.051 and 21.055, and for assault and battery. Among other

things, Thomas alleged that, at or near the time that Providian hired her, it hired a younger, less-

qualified, non-African-American male, to whom it paid a higher salary; that Warner called her

"Blondie," which Thomas took to be a derogatory comment concerning her race; that, after she complained about her treatment, Providian continually changed her team members and her shift times; and that Warner slapped her on one occasion.

Providian moved to compel arbitration and to stay the proceedings, based upon an arbitration clause (the "Arbitration Clause") contained in her Employment Agreement, which provided, in pertinent part:

> [I]n case of any dispute or disagreement arising out of or in any way related to this Agreement, your employment with us, or the termination of your employment (including, but not limited to, claims of discrimination, harassment, wrongful discharge, breach of contract, tortious conduct, statutory violations or any injury to your physical, mental or economic interests), you and the Company agree to submit the dispute or disagreement to binding arbitration before JAMS/Endispute (or its successor or a mutually-agreed upon arbitrator at AAA if JAMS/Endispute is unable or unwilling to hear the dispute), pursuant to the California Arbitration Act, CCP § 1280 et seq. The costs and fees of the arbitrator shall be paid by the Company, except that where you initiate arbitration under this paragraph, you will be required to pay a fee equal to an initial court filing fee. Any party to the arbitration shall be entitled to take discovery as provided under the California Arbitration Act , and each party will be entitled to all remedies as provided by the substantive law pursuant to which the claims are made. The Rules of Evidence will apply. Any decision or award by the arbitrator shall be in writing and shall include a summary of findings of fact and law on which the decision or award is based, and such decision is final and binding, subject to judicial review as provided by the California Arbitration Act.

On March 14, 2005, the trial court granted the motions and ordered the parties to proceed to arbitration before former judge Enrique Peña, an arbitrator employed by Texas Arbitration Mediation Services, Inc. ("TAMS"). On May 16, 2005, the parties' attorneys entered into a letter agreement, pursuant to Texas Rule of Civil Procedure 11 (the "Rule 11 Agreement"), in which various agreements were made concerning the pending arbitration proceeding. First, the parties agreed that the Rule 11 Agreement would be in addition to all other terms and conditions of the Arbitration Clause. The Rule 11 Agreement further provided that "the parties have also agreed that the TAMS rules ('TAMS Rules') will apply. To the extent the TAMS Rules or this agreement conflict with the

Arbitration Clause, the parties agree that the TAMS Rules or this agreement will apply." Following the foregoing statement were various provisions concerning discovery and scheduling. Subsequent to these, the Rule 11 Agreement provided that, "to the extent that the agreements set forth above conflict with the TAMS Rules, this agreement, set forth herein, shall control." The final provision of the Rule 11 Agreement stated that "judicial review will be conducted pursuant to the Texas General Arbitration Act. CIV. PRAC[.] & REM. CODE §171.001 et seq."

Following a hearing, Arbitrator Peña issued a written award which contained his findings and conclusions. Peña found that Thomas failed to establish her claims of either racial discrimination or retaliation. The arbitrator did find, however, that, although there was conflicting testimony of the event, Warner assaulted Thomas by slapping her on the back of the head. For the assault, the arbitrator awarded Thomas damages in the amount of $1; however, he also awarded a total of $24,500 in attorneys' fees to her two attorneys.

Thomas brought a motion to confirm the arbitrator's award, and Providian moved to modify the attorneys' fees portion of the award. Following a hearing on the motions, the trial court entered an order denying Providian's motion and confirming the arbitrator's award. Providian appeals the decision of the trial court and requests that this Court reverse the trial court and modify the award of attorneys' fees to Thomas to zero.

## II.  DISCUSSION

### A.  Standard of Review

We review confirmation of an arbitration award *de novo*. *GJR Mgmt. Holdings, L.P. v. Jack Raus, Ltd.*, 126 S.W.3d 257, 262 (Tex. App.--San Antonio 2003, pet. denied); *American Realty Trust, Inc. v. JDN Real Estate-McKinney, L.P.*, 74 S.W.3d 527, 531 (Tex. App.--Dallas 2002, pet. denied).  In Texas, review of an arbitration award is extremely narrow. *Hisaw & Assocs. Gen. Contractors, Inc. v. Cornerstone Concrete Sys., Inc.*, 115 S.W.3d 16, 18 (Tex. App.--Fort Worth 2003, pet. denied); *Cooper v. Bushong*, 10 S.W.3d 20, 24 (Tex. App.--Austin 1999, pet. denied). We indulge every reasonable presumption in order to uphold the arbitration award.  *Hisaw*, 115 S.W.3d at 18; *Cooper*, 10 S.W.3d at 24.  "[T]he authority of arbitrators is derived from the arbitration agreement and is limited to a decision of the matters submitted therein either expressly or by necessary implication." *Gulf Oil Corp. v. Guidry*, 160 Tex. 139, 143, 327 S.W.2d 406, 408, 37 Lab. Cas. (CCH) ¶ 65,669 (1959).

Traditional contract principles are used to interpret arbitration agreements.  *In re Phelps Dodge Magnet Wire Co.*, 225 S.W.3d 599, 603 (Tex. App.--El Paso 2005, original proceeding [mand. denied]).  We will enforce an arbitration agreement according to its plain meaning. *Ysleta Indep. Sch. Dist. v. Godinez*, 998 S.W.2d 700, 702 (Tex. App.--El Paso 1999, no pet.).

### B.  The Arbitration Award

In its sole issue on appeal, Providian challenges the trial court's confirmation of the arbitrator's award of attorneys' fees and argues that the award should be modified to eliminate any award of fees.  "Absent an allegation of a statutory or common law ground to vacate or modify an arbitration award, a reviewing court lacks jurisdiction to review the arbitrator's decision." *Lee v. El Paso County*, 965 S.W.2d 668, 671-72 (Tex. App.--El Paso 1998, pet. denied).  Providian does not

assert a common law ground to modify the judgment; instead, it contends that it is entitled to modification pursuant to the Texas General Arbitration Act ("TGAA").

Under the TGAA, a court shall modify or correct an arbitration award if:

(1) the award contains:

    (A) an evident miscalculation of numbers; or

    (B) an evident mistake in the description of a person, thing, or property referred to in the award;

(2) the arbitrators have made an award with respect to a matter not submitted to them and the award may be corrected without affecting the merits of the decision made with respect to the issues that were submitted; or

(3) the form of the award is imperfect in a manner not affecting the merits of the controversy.

TEX. CIV. PRAC. & REM. CODE ANN. § 171.091(a). Providian argues that the award may be modified, because it is imperfect in form not affecting the merits of the controversy.

Providian makes two arguments in support. First, it contends that the Arbitration Clause limits the parties to the recovery to which they would be entitled under the substantive law at issue and that, under such law, there was no basis for Thomas to recover attorney's fees. The Labor Code allows a court to award reasonable attorney's fees to the prevailing party on claims brought under chapter 21.[1] *See* TEX. LAB. CODE ANN. § 21.259. Accordingly, had Thomas prevailed upon her discrimination claim or her retaliation claim, there would have been a statutory basis for an award of attorneys' fees to her. However, the only claim upon which Thomas prevailed was her common-

---

[1] Although the statute provides that attorney's fees may be awarded to "the prevailing party" in a chapter 21 proceeding, such fees are rarely awarded to successful defendants. *See, e.g., Wiltshire v. Humpal Physical Therapy, P.C.*, 2005 WL 2091092, at *9 (Tex. App.--Corpus Christi Aug. 31, 2005, no pet.) (mem. op.); *but cf. Elgaghil v. Tarrant County Junior Coll.*, 45 S.W.3d 133 (Tex. App.--Fort Worth 2000, pet. denied) (attorney's fees awarded to prevailing defendant where chapter 21 plaintiff's claims were groundless as a matter of law). Providian does not complain about the arbitrator's failure to award it any attorney's fees based upon its success in the chapter 21 portion of the proceeding.

law assault claim. Thomas does not dispute that, under Texas law, she would not be entitled to recover attorney's fees for prevailing on a common-law assault claim. *See Z.A.O., Inc. v. Yarbrough Drive Ctr. Joint Venture*, 50 S.W.3d 531, 550 (Tex. App.--El Paso 2001, no pet.) ("attorney's fees are not recoverable in tort actions"). Instead, she argues that the Rule 11 Agreement provides that TAMS Rules apply to the arbitration and that the arbitrator had authority under those rules to award her attorney's fees.

The Arbitration Clause provides that "[a]ny party to the arbitration shall be entitled . . . to all remedies *as provided by the substantive law pursuant to which the claims are made*" (emphasis added). Prior to the arbitration, however, the parties entered into the Rule 11 Agreement, which provides that TAMS Rules would apply and that, to the extent that TAMS Rules conflict with the Arbitration Clause, TAMS Rules or the Rule 11 Agreement would apply. Thus, we must determine whether there is a conflict between the particular TAMS rule at issue and the Arbitration Clause.

The TAMS rule states that "[t]he arbitrator or arbitral tribunal may grant any remedy or relief that: The arbitrator or arbitral tribunal deems just and equitable, including, any remedy or relief the parties would be entitled to as if the matter was heard in court . . . ." Clearly, the provision contained in the Arbitration Clause restricts the arbitrator to those remedies available under the applicable substantive law, whereas the latter provision grants the arbitrator broad authority to craft the remedies he deems "just and equitable." If the rule provided that the arbitrator may grant any remedy or relief to which the parties would be entitled as if the matter were heard in court, then the two provisions would have essentially the same effect and there would be no conflict. However, that is not the case and, because the clauses do conflict, the parties' Rule 11 Agreement dictates that the

TAMS rule applies.[2]

Providian's second argument is that the parties agreed that judicial review would be conducted pursuant to the TGAA, which does not permit the award of attorneys' fees, unless they are provided for in the agreement to arbitrate or "by law for a recovery in a civil action in the district court on a cause of action on which any part of the award is based." TEX. CIV. PRAC. & REM. CODE ANN. § 171.048(c). Providian contends that the agreement to arbitrate did not provide for attorney's fees and that there was no statutory basis for an award of fees. Providian argues that section 171.048(c) applies, because the Rule 11 Agreement states that judicial review will be conducted pursuant to the TGAA. Thus, Providian appears to contend that the reference to "judicial review" in the Rule 11 Agreement meant that all provisions of the TGAA, including section 171.048(c), governed the entire arbitration proceeding and not merely the procedures for subsequent review.

A plain reading of the Rule 11 Agreement indicates that the parties intended to supplant the TGAA rules for the arbitration proceeding with those of the TAMS Rules and the specific discovery and scheduling agreements set out in the Rule 11 Agreement and intended that any subsequent review of the arbitration award would be conducted pursuant to the procedures contained in the TGAA.

In this regard, it is helpful to look at the structure of the TGAA itself. The TGAA is divided into four subchapters: Subchapter A contains general provisions; subchapter B involves proceedings to compel or stay arbitration; subchapter C contains various rules for the arbitration proceeding; and subchapter D contains rules for subsequent court proceedings, including confirmation, vacation, and modification of an arbitration award. Notably, section 171.048(c), upon which Providian relies, is

---

[2] Providian argues that there is no conflict between the TAMS Rules and the parties' arbitration agreement as modified by the Rule 11 Agreement, because the TAMS Rules do not specifically address the award of attorneys' fees. However, neither the Arbitration Clause nor the Rule 11 Agreement addresses attorneys' fees.

contained in subchapter C, which deals with rules for the arbitration proceeding, and not in subchapter D. Accordingly, it does not appear that the parties intended that section 171.048(c) limit the scope of the arbitrator's award.

Even if section 171.048(c) were to apply, it would not preclude the award of fees in this case. The parties' agreement vested the arbitrator with the authority to award any remedy or relief that he deemed just and equitable. This is sufficiently broad to include an award of attorney's fees. *See Gillispie v. Village of Franklin Park*, 405 F. Supp. 2d 904, 913, 97 Fair Empl. Prac. Cas. (BNA) 604 (N.D. Ill. 2005) (noting that a rule allowing any remedy or relief deemed just and equitable, including any remedy or relief that would have been available in court, was a capacious grant of authority sufficient to allow an award of attorney's fees). Moreover, the TGAA, within the subchapter governing court review, provides that "[t]he fact that the relief granted by the arbitrators could not or would not be granted by a court of law or equity is not a ground for vacating or refusing to confirm the award." TEX. CIV. PRAC. & REM. CODE ANN. § 171.090. Accordingly, the fact that there was not a statutory or other basis for a court to award attorney's fees would not have been an appropriate ground for the trial court to refuse to confirm the award. *See Anchor Paving Co. v. Trinh*, No. 01-99-01199-CV, 2000 WL 567645, at *3 (Tex. App.--Houston [1st Dist.] May 11, 2000, pet. denied) (not designated for publication) (district court properly refused to vacate award of attorney's fees, because section 171.090 prevailed over section 171.048(c)(2)).

Providian relies on *Pheng Investments, Inc. v. Rodriguez*, 196 S.W.3d 322 (Tex. App.--Fort Worth 2006, no pet.). In *Pheng*, the purchaser of an apartment building brought claims against the seller for breach of contract, statutory fraud, common law fraud, and various other claims. *Id.* at 327. The case proceeded to arbitration, and the arbitrator found that the seller made false and misleading statements to the purchaser to induce the sale of the property. The arbitrator awarded the purchaser

damages and attorney's fees in the amount of $50,000. The buyer moved to confirm the award under the TGAA, and the seller moved to vacate it under the TGAA, Federal Arbitration Act, common law, and public policy. The district court confirmed the arbitration award in all respects. On appeal, the Fort Worth Court of Appeals modified the arbitration award to eliminate the award of attorneys' fees. *Id.* at 334. The court noted that under the TGAA, an arbitrator may only award fees as permitted by section 171.048(c). *Id.* at 333. The contract at issue between the parties provided that the prevailing party in any legal proceeding brought in relation to the contract would be entitled to reasonable attorney's fees. *Id.* However, there was no evidence that the fees were reasonable. *Id.* Although section 27.01 of the Texas Business and Commerce Code may have provided a statutory basis for the award, it required proof that fees were reasonable and necessary. Because the record contained no evidence that the fees awarded were reasonable and necessary, the court modified the award. *Id.* at 333-34.

The issue in *Pheng* was whether there was evidence that the fees awarded pursuant to the parties' arbitration agreement were reasonable and necessary. In the present case, the issue is whether the arbitration agreement permitted the arbitrator to award fees, and *Pheng* does not address this issue. Here, the parties agreed that the arbitrator could award any recovery or remedy that he deemed just and equitable. We believe that this was broad enough to permit an award of attorneys' fees in this case. We deny Providian's sole issue on appeal.

## III.  CONCLUSION

We therefore affirm the judgment of the trial court.

KENNETH R. CARR, Justice

May 15, 2008

Before Chew, C.J., McClure, and Carr, JJ.