In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-519 CV


____________________



REZIK SAQER, M.D. and INTEGRA MEDICAL CLINICS L.L.P. 


f/k/a INTEGRA HEALTH CLINICS, L.L.P., Appellants



V.



FADI GHANEM, M.D., INDIVIDUALLY and d/b/a


FADI GHANEM, M.D., P.A., MATERNAL & FAMILY CLINIC 


and HUSSAMADDIN AL-KHADOUR, M.D., Appellees






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 06-04-03594-CV






MEMORANDUM OPINION


 Appellants appeal the trial court's judgment confirming an arbitration award rendered
in favor of appellees. We find the appellants failed to establish grounds for vacating or
modifying the arbitration award and affirm the judgment of the trial court.

 

FACTUAL AND PROCEDURAL BACKGROUND


 Appellants, Rezik Saqer, M.D. ("Saqer") and Hazem El-Zufari, M.D. ("El-Zufari")
entered into a limited partnership with Fadi Ghanem, M.D. ("Ghanem") and Hussamaddin
Al-Khadour, M.D. ("Al-Khadour") to practice medicine as Integra Medical Clinics, L.L.P.
f/k/a Integra Health Clinics, L.L.P. ("Integra"). Saqer and Ghanem were senior partners and
each owned a 33% interest in Integra. El-Zufari and Al-Khadour were junior partners and
each owned a 17% interest in Integra. Not long after the commencement of operations,
problems arose between the four physicians, and Saqer eventually offered to purchase the
interests of Ghanem and Al-Khadour in Integra. Saqer's offer was accepted and the three
partners executed a Letter Agreement ("Letter Agreement" or "Agreement") to accomplish
Saqer's purchase and resolve their disputes. The Agreement contained a dispute resolution
provision that required arbitration of any disputes.

 Following the execution of the Agreement, additional disputes arose among the
former partners, leading counsel for Ghanem and Al-Khadour to call for arbitration. 
Thereafter, Saqer, El-Zufari, and Dr. Harlan Borcherding, D.O. ("Borcherding"), a doctor
who had previously practiced at a family clinic with El-Zufari and had transferred his
practice to Integra's facility, filed suit in Montgomery County district court and sought a
temporary restraining order. The district court granted the temporary restraining order and
set the temporary injunction for hearing. Ghanem and Al-Khadour filed a motion to
terminate the hearing and sought to compel arbitration pursuant to the dispute resolution
provision in the Agreement. The district court compelled the case to arbitration. Because
the claims of El-Zufari and Borcherding were ultimately nonsuited or assigned, Saqer and
Integra were the sole claimants in the arbitration proceedings (collectively referred to
hereinafter as "Saqer"). (1) Saqer asserted in the arbitration proceedings that Ghanem and
Al-Khadour breached various provisions of the Letter Agreement. Ghanem and Al-Khadour
alleged that Saqer breached various duties and provisions of the Agreement. Ghanem and
Al-Khadour moved for the equivalent of summary judgment within the arbitration
proceeding based on Saqer's alleged breach. The arbitrator granted Ghanem and Al-Khadour's partial motion for summary judgment and issued an interim award. The arbitrator
found that Saqer breached the provision of the Letter Agreement that obligated him to
assume a $235,000 line of credit that Woodforest National Bank had extended to Integra, and
to remove Ghanem and Al-Khadour as obligors and extinguish their personal guaranties from
the line of credit within thirty days of the execution of the Agreement. The arbitrator ordered
Saqer to pay $235,000 either to Ghanem and Al-Khadour or to Woodforest National Bank
and specified that in either case the funds would be applied to the operating line of credit. 
The arbitrator postponed awarding attorneys' fees on the claim until after the final arbitration
hearing. 

 Following evidentiary hearings, the arbitrator issued a final arbitration award. The
arbitration award granted Ghanem and Al-Khadour attorneys' fees in the amount of $77,550
"in connection with the granting of the Partial Summary Judgment with respect to [the]
Woodforest National Bank line of credit . . . ." In addition, the arbitrator found that Saqer
breached the Agreement by filing suit against Ghanem and Al-Khadour because the
Agreement required any dispute between the parties to be resolved by arbitration. The
arbitrator ordered that Ghanem and Al-Khadour "take nothing by this claim except
reimbursement for fees and costs as ordered herein." The arbitration awarded Ghanem and
Al-Khadour attorneys' fees in the amount of $63,254 "in connection with the breach by
Integra and Saqer of the Letter Agreement by filing suit against Ghanem and Al-Khadour.
. . ." Finally, the arbitrator's award also granted Ghanem and Al-Khadour reimbursement for
arbitration fees and expenses in the amount of $20,066.72. 

 Saqer moved to stay enforcement of the arbitration award, and Ghanem and Al-Khadour applied to the district court to confirm the arbitration award and moved for the entry
of final judgment. Saqer filed a motion to vacate the arbitration award on the basis that the
arbitrator exceeded his powers in awarding attorneys' fees against Saqer on the breach of
contract claims because Ghanem and Al-Khadour failed to plead and prove they met the
conditions precedent for recovery of attorneys' fees on their breach of contract claims. Saqer
filed his First Amended Motion to Vacate the arbitration awards, in which he added a claim
that the arbitrator exceeded his power by awarding attorneys' fees on the breach of contract
claims because he awarded the attorneys' fees without an award of actual damages. The
district court denied the motion to vacate, confirmed the arbitration award, and issued its
final judgment confirming the award on August 28, 2007. This appeal followed. 

ISSUES AND STANDARD


 On appeal Saqer asserts four reasons why the arbitrator's award should be vacated and
the trial court's final judgment reversed. In his first issue, Saqer argues that the two awards
of attorneys' fees should be vacated because the arbitrator exceeded his authority by
awarding attorneys' fees on the two breach of contract claims without awarding actual
monetary damages for those claims. In his second issue, Saqer argues that the attorneys' fees
awarded to appellees for Saqer's breach of the dispute resolution provision of the Agreement
should be vacated because appellants were within their rights to file suit in state district court
rather than to arbitrate. In his third issue, Saqer argues that the arbitration award of
attorneys' fees against him for failing to assume the Woodforest National Bank operating line
of credit should be vacated because the affidavit submitted in support of those attorneys' fees
was legally insufficient. Finally, Saqer argues in issue four that the arbitration award of
attorneys' fees against him should be vacated because appellees did not satisfy the conditions
precedent for recovery on their breach of contract claims. 

 We review a trial court's confirmation of an arbitration award de novo. Hisaw &
Assocs. Gen. Contractors, Inc. v. Cornerstone Concrete Sys., Inc., 115 S.W.3d 16, 18 (Tex.
App.--Fort Worth 2003, pet. denied). However, our review of an arbitration award is
extremely narrow. Id. An arbitration award has the same effect as the judgment of a court
of last resort; therefore, we must indulge every reasonable presumption to uphold the award. 
Id.; Pheng Invs., Inc. v. Rodriquez, 196 S.W.3d 322, 328 (Tex. App.--Fort Worth 2006, no
pet.). The arbitrator's award is "conclusive on the parties as to all matters of fact and law." 
Pheng, 196 S.W.3d at 328 (footnote omitted). "'Absent an allegation of a statutory or
common law ground to vacate or modify an arbitration award, a reviewing court lacks
jurisdiction to review the arbitrator's decision.'" Providian Bancorp. Servs. v. Thomas, 255
S.W.3d 411, 415 (Tex. App.--El Paso 2008, no pet.) (quoting Lee v. El Paso County, 965
S.W.2d 668, 671-72 (Tex. App.--El Paso 1998, pet. denied)); see also Hisaw & Assocs., 115
S.W.3d at 19.

ISSUES ONE AND FOUR


 "Unless grounds are offered for vacating, modifying, or correcting an award under
Section 171.088 or 171.091 [of the Texas Arbitration Act], the court, on application of a
party, shall confirm the award." Tex. Civ. Prac. & Rem. Code Ann. § 171.087 (Vernon
2005). The statutory grounds for vacating an award are: (1) the award was procured by
corruption, fraud, or other undue means; (2) the rights of a party were prejudiced by evident
partiality, corruption, misconduct, or wilful misbehavior by an arbitrator; (3) the arbitrator
exceeded his powers, refused to postpone the hearing after a showing of sufficient cause,
refused to hear evidence material to the controversy, or conducted the hearing contrary to
sections 171.043, 171.044, 171.045, 171.046, or 171.047, in a manner that substantially
prejudiced the rights of a party; or (4) there was no agreement to arbitrate, the issue was not
adversely determined in a proceeding to compel or stay arbitration, and the party did not
participate in the arbitration hearing without raising objection. See id. § 171.088; see also
J.J. Gregory Gourmet Servs. Inc. v. Antone's Import Co., 927 S.W.2d 31, 33 (Tex. App.--Houston [1st Dist.] 1995, no writ). 

 The statutory grounds for modifying or correcting an award are: (1) the award
contains an evident miscalculation of numbers or an evident mistake in the description of a
person, thing, or property referred to in the award, (2) the arbitrators have made an award
with respect to a matter not submitted to them and the award may be corrected without
affecting the merits of the decision made with respect to the issues that were submitted, or
(3) the form of the award is imperfect in a manner that does not affect the merits of the
controversy. Tex. Civ. Prac. & Rem. Code Ann. § 171.091. Saqer does not argue here that
there were grounds on which the trial court should have modified the award under section
171.091. Saqer relies instead on statutory and common law grounds for vacating an award. 
We will address Saqer's statutory argument first.

 In issues one and four, Saqer argues that the arbitrator exceeded his authority in
awarding attorneys' fees. See Tex. Civ. Prac. & Rem. Code Ann. § 171.088(a)(3)(A). We
will address these issues together. Saqer points to the Texas Arbitration Act, which provides
in pertinent part: 

 (c) The arbitrators shall award attorney's fees as additional sums
required to be paid under the award only if the fees are provided for: 

 (1) in the agreement to arbitrate; or 

 (2) by law for a recovery in a civil action in the district court on a cause of action on which any part of the award is based.

 

Tex. Civ. Prac. & Rem. Code Ann. § 171.048(c) (Vernon 2005). It is undisputed that the
Letter Agreement does not specifically provide for the payment of attorneys' fees. The
dispute resolution provision of the Letter Agreement provides, in pertinent part:

 All other issues related to any Partnership or Membership matters not covered
by this Agreement (and all disputes arising under or interpretations of this
Agreement) shall be resolved by binding arbitration. An arbitrator shall be
chosen by agreement between counsel for Ghanem and counsel for
Integra/Integrated. The arbitrator shall be paid in an equal share by all Parties
involved in the dispute. All Parties agree to waive any court action on any
matter and allow all disputes to be resolved through binding arbitration. The
arbitration rules shall be simple and informal and will include a written
submission of all disputes to the arbitrator (7) days before the scheduled
arbitration hearing. 


 Saqer contends that because the Agreement does not provide for attorneys' fees, the
only applicable basis for the arbitrator's award of attorneys' fees is Chapter 38 of the Texas
Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8)
(Vernon 2008). Section 38.001 provides that "[a] person may recover reasonable attorney's
fees from an individual or corporation, in addition to the amount of a valid claim and costs,
if the claim is for . . . (8) an oral or written contract." Id. The statute further provides that
"[t]o recover attorney's fees under this chapter . . . (2) the claimant must present the claim
to the opposing party or to a duly authorized agent of the opposing party; and (3) payment
for the just amount owed must not have been tendered before the expiration of the 30th day
after the claim is presented." Id. § 38.002(2)-(3). Saqer contends that section 38.001 and the
case law interpreting that statute establish that damages must exist on a claim before 
attorneys' fees may be awarded. Saqer appears to be arguing in issues one and four that the
arbitrator's award of attorneys' fees did not comply with Chapter 38; therefore, the awards
were not in compliance with section 171.048(c) of the Act, and the arbitrator exceeded his
authority in awarding the fees. For the reasons set forth herein, we need not address the
merits of whether the arbitrator's award of attorneys' fees complied with Chapter 38.

 Generally, even if an arbitrator did err in awarding attorneys' fees under Chapter 38
of the Texas Civil Practice and Remedies Code, it does not necessarily mean the arbitrator
exceeded his authority. See Providian Bancorp. Servs., 255 S.W.3d at 417 (citing Anchor
Paving Co. v. Trinh, No. 01-99-01199-CV, 2000 WL 567645, at *3 (Tex. App.--Houston [1st
Dist.] May 11, 2000, pet. denied)). '"[T]he authority of arbitrators is derived from the
arbitration agreement and is limited to a decision of the matters submitted therein either
expressly or by necessary implication.'" Barsness v. Scott, 126 S.W.3d 232, 241 (Tex. App.--San Antonio 2003, pet. denied) (citing Gulf Oil Corp. v. Guidry, 160 Tex. 139, 327 S.W.2d
406, 408 (1959)). Arbitrators exceed their authority only when they decide matters not
properly before them. Id. Generally, a mistake of fact or law is insufficient to vacate an
arbitration award. Vernon E. Faulconer, Inc. v. HFI, Ltd. P'ship, 970 S.W.2d 36, 39 (Tex.
App.--Tyler 1998, no pet.); see also J.J. Gregory Gourmet Servs., 927 S.W.2d at 33; Anchor
Paving, 2000 WL 567645, at *3 ("An arbitrator exceeds his authority when he decides
matters not presented to him by pleading or by agreement, not when he makes a legal
mistake."). 

 Appellants' assertion that a court could not or would not award attorneys' fees is also
not, by itself, an appropriate ground for the trial court to refuse to confirm the arbitrator's
award. See Tex. Civ. Prac. & Rem. Code Ann. § 171.087; see also Providian Bancorp
Servs., 255 S.W.3d at 417 (citing Tex. Civ. Prac. & Rem. Code Ann. § 171.090). Section
171.090 of the Texas Arbitration Act specifically provides that "[t]he fact that the relief
granted by the arbitrators could not or would not be granted by a court of law or equity is not
a ground for vacating or refusing to confirm the award." Tex. Civ. Prac. & Rem. Code
Ann. § 171.090. 

 The Houston Court of Appeals in Anchor Paving Co. declined to find that section
171.048(c) "trumps" section 171.090. See Anchor Paving Co., 2000 WL 567645, at *3. We
note that section 171.048 is in subchapter C of the Act, which deals with arbitration
proceedings, while section 171.090 is in subchapter D, which deals with court proceedings. 
See generally Tex. Civ. Prac. & Rem. Code Ann. §§ 171.048, 171.090. Additionally, we
find it significant that section 171.088(a)(3)(D), which sets forth the statutory grounds for
vacating an award, does not include a violation of section 171.048 as one of the listed
procedural violations by the arbitrator that could mandate vacating the award. See Tex. Civ.
Prac. & Rem. Code Ann. § 171.088(a)(3)(D) (providing that an arbitration award shall be
vacated upon application of a party if the arbitrator "conducted the hearing contrary to
Sections 171.043, 171.044, 171.045, 171.046, or 171.047, in a manner that substantially
prejudiced the rights of a party . . . ."). Therefore, we do not agree with Saqer's position that
the arbitrator necessarily exceeded his authority by awarding attorneys' fees even if they may
not have been allowable pursuant to Chapter 38.

 To determine whether the arbitrator exceeded his authority in awarding attorneys'
fees, we look to whether that issue was properly before the arbitrator. Whether an issue is
properly before the arbitrator is a question of law. City of Beaumont v. Int'l Ass'n of
Firefighters, Local Union No. 399, 241 S.W.3d 208, 213 (Tex. App.--Beaumont 2007, no
pet.). The language in the Agreement at issue here does not specifically provide for
attorneys' fees; however, the language in the Agreement is very broad. The Agreement
states, 

 [a]ll other issues related to any Partnership or Membership matters not covered
by this Agreement (and all disputes arising under or interpretations of this
Agreement) shall be resolved by binding arbitration. . . . All Parties agree to
waive any court action on any matter and allow all disputes to be resolved
through binding arbitration. The arbitration rules shall be simple and informal
. . . . 


"An arbitration agreement that provides that 'any' controversy between the parties will be
arbitrated, by its plain language, covers any controversy." Kosty v. S. Shore Harbour Cmty.
Ass'n, Inc., 226 S.W.3d 459, 465 (Tex. App.--Houston [1st Dist.] 2006, pet. denied). Moreover, courts have considered the scope of the submissions to the arbitrators, in
addition to the language of the agreement, as an indicator of the arbitrator's authority. See
id.; see also Thomas v. Prudential Secs., Inc., 921 S.W.2d 847, 851 (Tex. App.--Austin 1996,
no writ). In Thomas, the Austin Court of Appeals held that when both parties submitted a
request for attorneys' fees the issue of attorneys' fees, was properly before the arbitrator. 
Thomas, 921 S.W.2d at 851. The Court explained,

 Significantly, both parties sought the recovery of attorney fees from the panel,
'suggesting that awarding fees was contemplated by the parties to be within
the scope of the agreement to arbitrate.' The explicit terms of the parties'
agreement do not control our analysis here, because 'the parties may agree to
arbitration of disputes that they were not contractually compelled to submit to
arbitration.' We conclude that both parties' claims for attorney fees reflect
their unified intention to authorize the panel's award of attorney fees.


Id. (citations omitted). It is undisputed that Saqer, Ghanem, and Al-Khadour all requested
attorneys' fees in connection with the claims they submitted to the arbitrator. Because the
arbitration agreement contains broad language, and because all parties submitted a request
for attorneys' fees, we conclude that the matter of attorneys' fees was properly before the
arbitrator. See Kosty, 226 S.W.3d at 465; see also Thomas, 921 S.W.2d at 851. 

 Saqer argues that the arbitrator misapplied the law to the extent he concluded that
appellees would have been entitled to attorneys' fees on their breach of contract claims. This
is a legal question that the arbitrator considered and answered. The arbitrator could have
found that attorneys' fees were appropriate based on the broad language of the agreement or
based on statute. See generally Tex. Civ. Prac. & Rem. Code Ann. §§ 38.001(8), 38.002,
171.048(c). Either way, the issue of attorneys' fees was submitted to and determined by the
arbitrator. See Cooper v. Bushong, 10 S.W.3d 20, 26 (Tex. App.--Austin 1999, pet. denied);
see also Monday v. Cox, 881 S.W.2d 381, 384-85 (Tex. App.--San Antonio 1994, writ
denied) (attorneys' fees, which were not specifically mentioned in agreement, were submitted
to arbitrator by DTPA claim); Babcock & Wilcox Co. v. PMAC, Ltd., 863 S.W.2d 225, 235-36 (Tex. App.--Houston [14th Dist.] 1993, writ denied) (because issue of attorneys' fees was
submitted to arbitrator, issue was decided by arbitrator). The trial court was not permitted
to second-guess this decision. See Cooper, 10 S.W.3d at 26. We find that the arbitrator did
not exceed his authority in awarding attorneys' fees. 

 "Statutory arbitration is cumulative of the common law. The common law grounds
to set aside an arbitration award include fraud, misconduct, or gross mistake that implies bad
faith and failure to exercise honest judgment." J.J. Gregory Gourmet Servs., 927 S.W.2d at
33 (citations omitted). "Manifest disregard of the law is a judicially-created ground for
vacating arbitration awards. It is more than mere error or misunderstanding in applying the
law." Pheng, 196 S.W.3d at 331 (footnotes omitted). To vacate an award under this
standard, the moving party must show that the arbitrator clearly recognized the law but chose
to ignore it or refused to apply it correctly. See id.

 Saqer asserts for the first time on appeal that the arbitrator manifestly disregarded the
law. Saqer did not present this claim to the trial court in his motions to vacate. Because we
find that Saqer failed to preserve this issue for appellate review, we decline to address the
merits of this common law argument. See Tex. R. App. P. 33.1(a). We overrule issues one
and four.

ISSUES TWO AND THREE


 In issue two, Saqer asserts that he was within his rights to file suit in state district
court rather than to arbitrate; therefore, the arbitration award for attorneys' fees related to that
claim should be vacated and the final judgment of the district court reversed. In issue three,
Saqer argues that the affidavit the appellees submitted in conjunction with their claim for
attorneys' fees against Saqer for his failure to assume the operating line of credit was legally
insufficient. These are issues that were properly before the arbitrator. As set forth above,
the trial court was not permitted to second-guess the arbitrator's decision on the merits. See
Cooper, 10 S.W.3d at 26. Neither of these complaints provides a sufficient legal basis for
vacating or modifying the arbitration award. See Tex. Civ. Prac. & Rem. Code Ann. §§
171.088, 171.091. We may not impinge upon the jurisdiction of the arbitrator by reviewing
these claims. See J.J. Gregory Gourmet Servs., 927 S.W.2d at 33 ("Absent a statutory or
common law ground to vacate or modify an arbitration award, a reviewing court lacks
jurisdiction to review other complaints, including the sufficiency of the evidence supporting
the award."). We overrule issues two and three. 

 Because Saqer has failed to establish any grounds for vacating or modifying the
arbitrator's award, we hold the trial court did not err in confirming the arbitration award. (2) 
 AFFIRMED.

 
 __________________________________

 CHARLES KREGER

 Justice


Submitted on July 29, 2008

Opinion Delivered December 18, 2008


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. The claims of El-Zufari were non-suited in December of 2006. The claims of 
Borcherding remained before the 359th District Court because Borcherding was not a partner
in Integra and not a signatory to the Letter Agreement. The claims of Borcherding were
ultimately nonsuited. Thereafter, Borcherding's claims were pursued through arbitration by
Saqer because Borcherding had assigned his accounts receivables to Integra. 
2. We need not consider the appendices to appellees' brief in rendering this decision. 
Therefore, we decline to rule on the pending motion to strike certain exhibits from appellees'
brief.