**Opinion issued February 2, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00919-CV

———————————

## JUAN A. RUEDA, Appellant

## V.

## RANDALL W. HOLLAND, Appellee

On Appeal from the 11th District Court
Harris County, Texas
Trial Court Case No. 2012-41959

## MEMORANDUM OPINION

Appellant, Juan A. Rueda appeals the trial court's confirmation of an arbitration award rendered in favor of appellee, Randall W. Holland. In one issue on appeal, Rueda argues that the trial court erred in confirming the arbitration

award because it was the second decision of the arbitrator and therefore should have been vacated.

We affirm.

**Background**

This dispute arises out of Enviro-Grow Nursery, a business in which Rueda owned a 49% interest and Holland owned a 51% interest. After Rueda sued Holland for minority shareholder oppression, Holland relied on the parties' 1995 shareholder's agreement that contained an arbitration agreement to compel arbitration pursuant to the Commercial Arbitration Rules of the American Arbitration Association ("AAA"). The trial court ordered the parties to arbitration, appointed Judge Mark Davidson to arbitrate, and stayed the proceedings pending the outcome of the arbitration.

Judge Davidson conducted an arbitration trial on May 7 and June 5, 2014. The arbitration concluded on June 16, and Judge Davidson said he would rule by June 26. After discovering that the Supreme Court of Texas issued an opinion in *Ritchie v. Rupe* on June 24, 2014 that eliminated the common law cause of action for shareholder oppression,[1] Holland filed an emergency memorandum with Judge

---

[1]    *See Ritchie v. Rupe*, 443 S.W.3d 856 (Tex. 2014).

2

Davidson informing him of the *Ritchie* opinion. On June 25, Judge Davidson

reopened the arbitration and asked for additional briefing in light of *Ritchie*.[2]

On July 9, 2014, Elizabeth Kidd, the Director of ADR Services, e-mailed the

parties informing them that the Award was attached to her e-mail, and that Judge

Davidson "has also asked me to forward his original ruling which was drafted prior

to the *Ri[t]chie v. Rupe* decision and which was supplanted by the final award."

Attached to her e-mail was Judge Davidson's signed, final award in favor of

Holland, and Judge Davidson's unsigned decision that ruled in favor of Rueda.

On July 10, 2014, Rueda apparently filed a "Motion Asking the Arbitrator to

Disregard and Withdraw his Subsequent Ruling Because the Arbitrator Was Not

'Empowered' to Enter a Subsequent Ruling Pursuant to AAA Commercial Rule R-

---

[2] Rule 40 of the AAA allows the trial court to reopen the hearing:

> The hearing may be reopened on the arbitrator's initiative, or by the direction of the arbitrator upon application of a party, at any time before the award is made. If reopening the hearing would prevent the making of the award within the specific time agreed to by the parties in the arbitration agreement, the matter may not be reopened unless the parties agree to an extension of time. When no specific date is fixed by agreement of the parties, the arbitrator shall have 30 calendar days from the closing of the reopened hearing within which to make an award (14 calendar days if the case is governed by the Expedited Procedures).

American Commercial Arbitration Rules R-40 (2013).

46."[3]  In an e-mail to the parties, Judge Davidson denied Rueda's motion, stating, "The motion to Disregard and withdraw the Arbitrator's Award is denied.  The transmittal of a draft of a preliminary opinion that was never adopted, signed or sent to all counsel is not a binding ruling.  Claimant's motion is without merit, and is respectfully denied."

Holland then moved to confirm the arbitration award in the trial court on October 7, 2014.  On the same day, Rueda filed in the trial court a Motion to Vacate the Second Arbitration Decision and Award and to Enter Judgment on the First Arbitration Decision.  In his motion, Rueda argued that Rule 50 of the AAA states that the arbitrator is not empowered to re-determine the merits of any claim already decided and that because Judge Davison had initially ruled in his favor, Judge Davidson had no power to issue his subsequent decision.

The trial court held a hearing on Rueda's motion to enter the award.  At the hearing, Rueda again relied on Rule 50 of the AAA and section 171.088 of the Texas Civil Practice and Remedies Code[4] to argue that the arbitrator could only issue one decision.  The trial court, after reviewing Rule 46 of the AAA, stated that

---

[3]  This motion is not in the appellate record.

[4]  Section 171.088 of the Texas Arbitration Act provides that a court shall vacate an award if the arbitrators exceed their powers.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(3)(A) (West 2011).

4

it "is pretty clear: Shall be in writing and signed by the majority of the arbitrators." After admitting various exhibits, the trial court stated,

> Until I sign it and it gets entered, it is not effective unless there is some announcement on the record or something else that makes it a final judgment. It is not—the rule is pretty specific, it has to be signed, and that was not signed. I think, therefore—it is unbelievably bad luck. I think—it is a technical issue. I think without that signature it wasn't a final award.

On the same day, the trial court signed an order entering judgment in accordance with the Final Award of the Arbitrator signed by Judge Davidson on July 9, 2014. Rueda then timely filed his notice of appeal.

## Review of Arbitration Award

In his sole issue on appeal, Rueda argues that the trial court should have vacated Judge Davidson's award because he exceeded his powers by changing his unsigned decision in Rueda's favor to a subsequently signed award that ruled against Rueda.

We review de novo a trial court's confirmation of an arbitration award. *Royce Homes, L.P. v. Bates*, 315 S.W.3d 77, 85 (Tex. App.—Houston [1st Dist.] 2010, no pet.). However, review of an arbitration award is extraordinarily narrow. *Id*. at 85–86. Arbitration is favored as a means of dispute resolution; therefore, courts indulge every reasonable presumption to uphold an award, and none against it. *Id*. at 85; *Kosty v. S. Shore Harbour Cmty. Ass'n, Inc.*, 226 S.W.3d 459, 462 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). An arbitration award is

5

presumed valid and entitled to great deference. *Royce Homes*, 315 S.W.3d at 85. A reviewing court "may not substitute [its] judgment merely because [it] would have reached a different decision." *Id*. at 85; *see Kosty*, 226 S.W.3d at 463.

Rueda's argument is based on his belief that the Commercial Rules of the AAA do not mandate that the arbitrator's decision must be signed by the arbitrator to be the decision of the arbitrator. We disagree. Both the Texas Arbitration Act ("TAA") and the Commercial Rules of the AAA explicitly require the arbitrator to sign a final award.

The TAA provides the signature and delivery requirement in section 171.053:

> (a)  The arbitrators' award must be in writing and signed by each arbitrator joining in the award.
>
> (b)  The arbitrators shall deliver a copy of the award to each party personally, by registered or certified mail, or as provided in the agreement.

TEX. CIV. PRAC. & REM. CODE ANN. 171.053(a)(b) (West 2011).

Likewise, Rule 46 of the AAA, entitled "Form of Award," states,

> (a)  Any award shall be in writing and signed by a majority of the arbitrators. It shall be executed in the form and manner required by law.

American Commercial Arbitration Rules R-46 (2013).

Rule 49 of the AAA provides notice and delivery requirements:

> Parties shall accept as notice and delivery of the award the placing of the award or a true copy thereof in the mail addressed to the parties or their representatives at their last known addresses, personal or electronic service of the award, or filing of the award in any other manner that is permitted by law.

American Commercial Arbitration Rules R-49 (2013).

Despite section 171.053 and Rules 46 and 49, which require the arbitrator's signature and delivery of the award, Rueda relies on the last sentence of Rule 50 of the AAA, entitled, "Modification of Award," which provides, in relevant part,

> Within 20 calendar days after the transmittal of an award, any party, upon notice to the other parties, may request the arbitrator, through the AAA, to correct any clerical, typographical, or computational errors in the award. The arbitrator is not empowered to redetermine the merits of any claim already decided.

American Commercial Arbitration Rules R-50 (2013).

Rueda argues that because the unsigned opinion of Judge Davidson was his first decision, he could not re-determine the merits in a subsequently signed decision. We disagree. The record reflects that after Judge Davidson was made aware of the *Ritchie* decision, and before signing and delivering any award, he opted to reopen the arbitration and requested briefing on the ramifications of the *Ritchie* opinion. Neither party objected to the reopening of the arbitration.[5] Under

---

[5] Rule 41 of the AAA provides that "Any party who proceeds with the arbitration after knowledge that any provision or requirement of these rules has not been complied with and who fails to state an objection in writing shall be deemed to

these facts, the unsigned award is not the arbitrator's final award. The only final award is the arbitrator's signed award, which was delivered to the parties, and which the trial court subsequently confirmed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.053.

We overrule Rueda's sole issue on appeal.

## Conclusion

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Massengale and Brown.

---

have waived the right to object." American Commercial Arbitration Rules R-41 (2013).